JAMES R. CASE,

*v.*

LOUIS FAVIER.

The important question, in the case of an alleged common law dedication, is as to the *intention* of the party claimed to have made the dedication ; and this is a question of fact for a jury to determine from all the circumstances of the case. Anything by which this intent may be disproved is material, as for instance a conveyance of the premises as private property about the time of the alleged dedication, or possession of the premises by the grantee of the alleged dedicator, such grantee claiming under a legal title, and exercising acts of ownership over them during the time that they are claimed to have been occupied by the public without objection ; or the assessment and payment of taxes, the weight of such evidence is to be determined by the jury.

To establish a common law dedication, it is not necessary to show exclusive and uninterrupted adverse possession for twenty years, with the actual or presumed knowledge of those adversely interested.

The right of the public does not rest upon a grant by deed, nor upon twenty years possession, but upon the use of the land with the assent of the owner for such a length of time that the public accommodation and private rights might be materially affected by an interruption of the enjoyment ; the length of time of the enjoyment is a fact for the jury to consider, as tending to prove an actual dedication, and an acceptance by the public.

This action was commenced before a justice of the peace and removed to the district court for Dakota County by appeal. Upon trial in the district court a verdict was returned for the defendant, whereupon the plaintiff moved the court for a new trial, which motion was denied, and from the order denying the same the plaintiff appeals to this court. A suffi-

cient statement of the case will be found in the opinion of the court.

L. VAN SLYCK & GORMAN and DAVIS, for Appellant.

The issues are,

I.—Was plaintiff in possession of the lots of land described in the complaint?

II.—Did defendant break and enter the close of the plaintiff, and use and occupy the same without plaintiff's consent?

III.—Were the lots so used by Defendant ever dedicated to the public, for a public Levee?

1st. The court erred in excluding the deed offered in evidence by plaintiff, from John Nininger to John A. W. Jones, conveying the lots described in plaintiff's complaint.

2d. The court erred in refusing to allow plaintiff to prove by A. Moorhouse that he, plaintiff, took possession of the lots in the complaint mentioned under Jones, plaintiff's grantor.

3d. Under the pleadings in the case the court erred in allowing A. Reed to testify that defendant piled wood on part of the land known as the Califf farm, when no proof was offered to show that the land and lots in the complaint mentioned was or ever had been a part of said farm.

4th. The court erred in the instructions given to the jury as follows: " That unless the jury believes, from the evidence, that the plaintiff, at the time alleged in his complaint, to wit, on the 22d of Dec., 1864, had possession of the lots, or some of them, in controversy, and that the defendant entered upon the lots of which he was possessed, and *expelled* the plaintiff therefrom by placing wood thereon, the jury must find for the defendant." That such instruction was calculated to mislead the jury, as the defendant was a stran-

Case v. Favier.

ger, and set up no sort of possession, right of possession, or right of property to the lots.

5th. To give title to the public in these lots as a public levee to the citizens of Nininger it must be shown to be " exclusive, and uninterrupted, and adverse for twenty years, with the actual or presumed knowledge of those adversely interested." 2 *Greenleaf, par.* 17, *and note;* 2 *Greenleaf Ev., p.* 598, *par.* 543 ; 9 *Pickering,* 251 ; 10 *Cushing,* 304.

6th. There is no proof whatever that said lots named in the plaintiff's complaint ever were, directly or indirectly, dedicated by any one to the public as a levee.

7th. The possession of lands, either actual or constructive, is sufficient to maintain trespass against a wrong doer, without regard to the title of the possessor. *Starkie Ev., p.* 803, *and note and authorities cited;* 9 *Johnson,* 377 ; 10 *Wendel,* 639 ; 12 *Johnson,* 183 ; 5 *Hill,* 170. The proof of the plaintiff's possession is clear, and not in the least impaired by any competent proof.

8th. It is in proof by A. Reed and others that defendant put wood on the lots described in the complaint.

9th. The Court erred in allowing the defendant to introduce a deed from *John Nininger* to *Peter M. Califf,* without the least proof that it conveyed any of the lands named in the complaint.

10th. The evidence shows that this land in plaintiff's complaint was taxed as private property and taxes paid.

CLAGETT & CROSBY and A. M. HAYES for Respondent.

I.—The Court did not err in allowing the defendant to introduce the deed from Peter M. Califf to John Nininger, as it conveyed the property upon which A. Reed testified the wood was placed.

II.—The Court did not err in allowing the witness Reed to testify that the wood testified to by the plaintiff was placed on the land known as the Califf farm. In trespass *quare clausum fregit*, the identity of the close may be proved by the testimony of any competent witness who is acquainted with the lines and monuments of the tract. *2nd Greenleaf on Ev.*, *Sec.* 618, *a.*

III.—The Court did not err in refusing to allow the plaintiff to prove by the witness Morehouse, that he, Morehouse, got permission to bank wood upon the premises in dispute from John A. W. Jones, and that Jones was in possession of the property at the time, and claimed the right to the same, as it was not rebutting testimony. It was not competent, as it did not tend to prove possession by the plaintiff.

IV.—The plaintiff cannot base his right to recover upon a constructive possession following the legal title. He did not prove title in himself; he introduced in evidence a deed from John A. W. Jones to himself of part of the premises, but did not show title in Jones ; thus he fell short of proving a title. *Gardner vs. Hunt*, 1st *Comst.*, 528.

V.—The deed from Nininger to Jones offered in evidence by the plaintiff was properly excluded, as it was offered for the purpose of proving title after the defendant had closed his testimony. It was not rebutting testimony ; the plaintiff not having proved title, it was necessary for him to prove actual possession to entitle him to recover. *2nd Greenleaf on Ev.*, *Secs.* 613, 614.

VI.—The plaintiff did not except to the charge given by the Court, and he cannot now urge it as a ground of error. *Roehl and wife vs. Baasen*, 8 *Minn.*, 26.

VII.—To constitute a dedication requires no grant or conveyance by deed or writing, on the part of the owner of the land. If he shall do such acts *in pais* as amount to a dedica-

Case v. Favier.

tion, the law regards him as estopped *in pais* from denying that the public have a right to enjoy what is dedicated, or from revoking what he has thus declared by his acts ; and a dedication when once made and accepted by the public, is in its nature irrevocable.

To have the dedication become effectual, no period or term of enjoyment is necessary as in case of prescription. All that is required to constitute a good dedication is that there should be an intention, and an act of dedication on the part of the owner, and an acceptance on the part of the public. *Wash-burn on Easements and Servitudes, pp.* 139, 141 ; *Baker et al. vs. City of St. Paul,* 8*th Minn.,* 491 ; 2*nd Greenl. Ev., Sec.* 662.

*By the Court*—McMILLAN, J.—This is an action of trespass *quare clausum fregit.* The complaint charges that on the 22d of December, 1864, at the town of Nininger, County of Dakota, State of Minnesota, the defendant did break and enter the close of the plaintiff, to-wit : lots 5, 6, 7, 8, 9, 10, 11 and 12 in Nininger's Addition to the town of Nininger, and then and there placed upon and within the boundaries of said close, large quantities of wood, and expelled the plaintiff therefrom, &c., and claiming damage in the sum of $35.

The defendant's answer denies each and every allegation in the complaint, and alleges that the lots described in the plaintiff's complaint constitute part of a public levee in the town of Nininger, as originally laid out and platted, and recorded in the office of the Register of Deeds ; that said property was dedicated to the use of the public by the original proprietor ; that it has always been used since said time as such levee, and has been improved by the corporate authorities of said city as levee property, and has been so used without objection, except by the plaintiff on or about the 22d December, 1864.

The reply denies that the property was ever platted and donated by the owner as a public levee.

The plaintiff on the trial introduced in evidence a deed from John A. W. Jones, the date of which is not mentioned, to him conveying lots 8, 9, 10, 11 and 12 mentioned in the complaint, and testified that he entered into possession of the premises at the date of the [deed] and occupied the same up to December, 1864; that defendant entered upon the premises described in the complaint on that day, and piled wood thereon, all over the lots mentioned in the complaint, part of which, also occupied by the plaintiff, were leased by plaintiff; that plaintiff told defendant at the time that the premises were his. The defendant himself also testified, that plaintiff forbade him on that day to put the wood on the premises.

From the testimony of A. Reed, defendant's witness, it appears that the wood was put by the defendant on the premises described in the complaint, which are embraced in the government subdivision described as the W. ½ of the S. E. ¼ of Sec. 18, Town 115, Range 17, and that the wood was piled on what was known as the Califf farm. The defendant also introduced a [patent] from the U. S. to Peter M. Califf, dated March 19, 1857, conveying *inter alia*, the premises last mentioned, also a deed from Califf to Nininger, dated August 1, 1856, for same premises. There were several exceptions to the rulings admitting certain portions of the testimony of the witness Reed, but the objections, we think, were not well taken, and do not deem it necessary to consider them at length.

Several witnesses were then called by the defence, the substance of whose testimony was, that from 1856 the premises in dispute were used by the public as a public levee, without objection from any one till plaintiff objected; that steamboats landed and received and discharged freight, &c., at it daily, and that in winter it was used by the public for piling wood

on; that in its natural condition it was a bluff; that in 1856, Nininger with other citizens were at work digging down the bluff making a level space; that plaintiff was there. One witness states that when the town plat of Nininger was left for record, blocks 211, 212 and 213, in Nininger's Addition to Nininger City were then vacant, and shown to the witness by John Nininger as the steamboat landing; that in 1858, the place was improved as a levee by the town in its corporate capacity. It also appeared that the premises had been taxed as private property.

At the close of the defendant's testimony the plaintiff offered in evidence the record of a deed from John Nininger to John A. W. Jones, to show that in 1858 Nininger conveyed the land in dispute, and never dedicated it, or intended to dedicate it to public use, and also to show title in the plaintiff; to which the defendant objected, and the Court sustained the objection, and plaintiff excepted.

The plaintiff having called a witness Morehouse, offered to prove by him, that between October, 1861, and December, 1862, the plaintiff's grantor was in the possession of the premises, claiming the right to the same, and that he got permission from him to bank wood on the premises, which was objected to as incompetent, irrelevant and not rebutting; which objection was sustained and plaintiff excepted.

The plaintiff having called the county auditor, L. Smith, and produced and identified the book for assessment of taxes for 1863, offered to prove by the witness that the premises in dispute had been assessed as private property since 1858, and the taxes so assessed paid; which was objected to as incompetent and irrelevant, and the objection was sustained, to which plaintiff excepted.

These objections may all be considered together. The defendant's answer, after denying the allegations of the com-

plaint, may be regarded as setting up first, a statutory dedication, and second, a common law dedication; to sustain the first there is no evidence whatever in the case, no plat or survey was offered in evidence; to establish the second, the defendant proves title from the government through Califf to Nininger, and then proves the circumstances stated above, tending to show a common law dedication by him. The important question in a dedication of this kind is the intention of the party claimed to have made the dedication; this is a question of fact for the jury to determine from all the circumstances. Anything therefore by which the intent may be established, or disproved, is material. A conveyance of the premises as private property about the time of the alleged dedication, by the alleged dedicator, is certainly an act which affects the question of intent, and should go to the jury in a question of this kind. The defence of dedication of the *locus in quo*, was matter in justification, and must' be specially pleaded, and the defendant having the affirmative of the issue, the plaintiff was not bound to anticipate it in his testimony in chief. 2 *Stark. Ev., part* 2, *page* 1112.

The deed to Jones was therefore proper evidence in reply to the defendant's evidence on this point, although it was perhaps not competent at this stage of the case for the purpose of showing title in the plaintiff, yet being proper rebutting testimony on the question of dedication, was admissible.

The offer to show by Morehouse that Jones, the grantee of Nininger was in the possession of the premises, as private property under a legal title, claiming the same, and exercising acts of ownership over them during the time the defendant's witnesses state they were occupied by the public as a levee without objection, would seem to go directly in rebuttal of the fact of such occupation by the public, and also go to the question of dedication.

The offer to prove the assessment of taxes on the premises as private property, and the payment of the same, was also admissible, as showing the light in which the parties assessed regarded the property, and also as affecting the question of acceptance by the public; the *weight* to be attached to this evidence was for the jury to determine, but we think the plaintiff was entitled to the benefit of the testimony, whatever it might be.

That it was the intention of the defendant, by the testimony offered by him, to establish the dedication by Nininger is manifest, we think, from every feature of the case. The issue is distinctly made in the pleadings. The evidence of title in Nininger would not have been admissible unless the defendant had intended to justify under it in some way. 1 *Green. Ev.*, sec. 625 and *n.* 1, and authorities cited. And it is insisted by the respondent's counsel in this case, that the question is one for the jury and was submitted to them. So that while the testimony for the defence may have gone to the question of the plaintiff's possession of the premises, it was primarily directed to the issue of dedication. We are satisfied that the plaintiff should have had the benefit of the testimony offered by him on this point, and that it was error to reject it. To the fourth point made by the appellant it is sufficient to say, that no exception to that portion of the charge embraced therein, was taken on the trial, and it cannot therefore be made ground of error here.

It is not necessary to establish a common law dedication, to show an adverse, exclusive and uninterrupted possession of the premises for twenty years, with the actual or presumed knowledge of those adversely interested. The right of the public does not rest upon a grant by deed, nor upon twenty years possession, but upon the use of the land, with the assent of the owner, for such a length of time, that the public accom-

modation, and private rights, might be materially affected by an interruption of the enjoyment. The length of time of enjoyment is a fact for the jury to consider as tending to prove an actual dedication, and an acceptance by the public. 2 *Green. Ev., sec.* 662.

It is unnecessary to consider the further points in the case. For the reasons stated a new trial should be granted.