LEMUEL BOLLES,

*v.*

CHRISTOPHER CARLI *et al.*

Bolles and wife mortgaged to Taylor certain lands ; Taylor foreclosed the mortgage and purchased the premises at the sale, and subsequently agreed with Bolles to sell, quit-claim and release to him all his (Taylor's) interest in the premises for $3,656.83. B, for the purpose of procuring the money to pay Taylor, made an agreement in writing under seal with Carli, whereby Carli was to advance to Taylor the aforesaid sum of $3,656.83, and in the same agreement Bolles agreed to repay to Carli said sum with $1,000 bonus and interest. To secure the payment of said sums and interest, Bolles procured to be executed and delivered to Carli a deed of the lands aforesaid from Taylor and his wife, Bolles and his wife also executing and delivering to Carli a deed conveying their interest in the premises. Carli accepted said deeds as collateral security and not otherwise. Carli did not pay Taylor the said sum of $3,-656.83, but instead thereof paid him $653.83 cash and executed and delivered to him four promissory notes for the balance, securing said notes by a mortgage on the aforesaid premises without the knowledge or consent of Bolles. Taylor accepted the notes and mortgage in lieu of said sum of $3,656.83 with full and actual knowledge of the agreement between Bolles and Carli and with full knowledge that the same were given without the knowledge or consent of Bolles. Subsequently defendant Mackey attempted as assignee of Taylor to foreclose the mortgage executed by Carli by advertisement, and became the purchaser of the mortgaged premises at the foreclosure sale, and received the certificate. No assignment of the mortgage is upon record, and all knowledge or information of the existence of such assignment is denied in the complaint. Mackey purchased with full knowledge of the existence of the agreement between Bolles and Carli, and subsequently conveyed an undivided half of the premises to McLane, who also had full knowledge of the agreement between Bolles and Carli. The complaint contains no averment of any promise by Bolles to pay Taylor the aforesaid sum of $3,656.83, and Taylor was not a party to the agreement between Bolles and Carli; Mackey and McLane who are made de-

Bolles v. Carli et al.

fendants demur separately on the ground that as to them the complaint does not state facts sufficient to constitute a cause of action. *Held*, 1. That the alleged agreement between Taylor and Bolles was *nudum pactum*. 2. That the agreement between Bolles and Carli could not bind Taylor; that Taylor was at liberty to convey the premises to any person, irrespective of Bolles' assent, and to Carli upon the terms upon which he did convey, taking a mortgage for the purchase money, and upon default he might foreclose the mortgage given by Carli, and sell the premises.

3. That the mortgage being given for the purchase money, would take priority over the agreement between Carli and Bolles; that the purchaser at such foreclosure sale takes the title free from subsequent incumbrances and notice of such incumbrances is immaterial.

4. That a foreclosure of a mortgage by a pretended assignee when no assignment has been made is absolutely void; that the sale to Mackey being void he and those claiming under him were mere wrong doers in taking possession of the premises, and adequate relief is afforded against them at law.

5. That an allegation in a complaint in an equitable action that certain parties claim an interest in land in controversy must state facts entitling to relief if specific relief is sought against such parties. That when the complaint contains averments showing that the facts upon which such parties rely constitute no claim whatever, then such persons are not proper parties to the action.

This is an appeal by the plaintiff from an order of the District Court, for Washington County, sustaining a demurrer interposed by the defendants, Mackey and McLane, to the complaint, on the ground that the same did state facts sufficient to constitute a cause of action. The allegations of the complaint are sufficiently stated in the opinion of the Court.

CORNMAN and STICKNEY, for Appellant.

L. E. THOMPSON, for Respondents.

*By the Court*—McMILLAN, J. The defendants, Andrew Mackey and Daniel McLane, demur to the plaintiff's complaint. The demurrer was sustained in the court below, and

the plaintiff appeals from the order sustaining the demurrer. The complaint, in substance, shows that on the 10th of July, 1855, the plaintiff was the owner in fee of certain premises described in the complaint; that at, and prior to that time, he and Chloe Bolles were, and still are, husband and wife; that the plaintiff executed and delivered to one George W. Taylor, two certain mortgages upon said premises, one on the 10th of July, 1855, to secure twelve hundred dollars with interest; the other on the 2d of October, 1855, to secure the further sum of two hundred dollars, which were each duly recorded, the first on the 10th July, 1855, the second on the 7th November, 1855. That on or about the 20th of January, 1860, said mortgages were duly foreclosed, and said land was duly sold at public vendue, by the Sheriff of Washington county, under, and by virtue of a decree of the district court of said county, to the said George W. Taylor.

That on the 23d of January, 1861, Taylor agreed with the plaintiff to sell, quit claim and release to him all his interest in said premises, at and for the price of three thousand six hundred and fifty-six and 83-100 dollars; and on the 23d of January, 1861, for the purpose of procuring the money to pay said Taylor for said land, an agreement was entered into between the defendant Carli and the plaintiff, whereby Carli was to advance to Taylor, for the use of the plaintiff, three thousand six hundred and fifty-six 83-100 dollars, the purchase price of said land, and in consideration thereof, the plaintiff agreed to repay Carli said sum in two years from that time, together with the further sum of one thousand dollars as a bonus for the advance, and in the meantime pay interest on the principal, at twelve per cent per annum; and to secure the payment of said sum, interest and bonus, the plaintiff procured to be executed and delivered to Carli, a deed from Taylor and his wife, conveying their interest in said premises

to him, and also a certain other deed from plaintiff and his wife to said Carli, conveying their interest in the same premises; that Carli accepted and received the same as collateral security for the payment of the aforesaid sum, and not otherwise, as will more fully appear by a certain instrument in writing, duly executed, acknowledged and delivered by the defendant Carli, to the plaintiff, a copy of which is annexed to the complaint, marked Exhibit A. That Carli did not pay Taylor the said sum of three thousand six hundred and fifty-six 83-100 dollars, but instead thereof, paid said Taylor the sum of $653.83-100 dollars, and executed and delivered to said Taylor, his four certain promissory notes, bearing date the 23d day of January, 1861, one for five hundred and twenty-five dollars, at six months, one for five hundred and fifty-five dollars, at twelve months, one for five hundred and eighty-five dollars, at eighteen months, one for six hundred and fifteen dollars, at twenty-four months, and one for seven hundred and seventy-three and 38-100 dollars, at thirty months; and to secure the payment of said notes, the said defendant, Carli and his wife, on said day, without the knowledge or consent of the plaintiff, conveyed the lands mentioned in the complaint, to said Taylor, by their certain mortgage by them duly executed, acknowledged and delivered, and on the same day by their certain instrument in writing duly acknowledged and delivered, said Carli and wife relinquished and waived all their right of redemption under said mortgage to said Taylor; which said notes, mortgage, and instrument in writing, said Taylor then and there accepted and received in lieu and instead of said money, with full and actual knowledge of the said agreement between the plaintiff and defendant, Carli, and with full knowledge that the same were given without the knowledge or consent of the plaintiff; that the mortgage contained the usual power of sale, and

together with said instrument waiving the right of redemption, were duly recorded in Washington county, &c. That in March, 1862, the defendant, Carli, became insolvent, and absconded, and his property was attached, including the lands described in the complaint, by his creditors. That between January, 1861, and May, 1862, the plaintiff paid to said Carli, as interest upon said agreement, the sum of $441.8-100. That on the 7th of September, 1862, the defendant, Andrew Mackey, as assignee of said mortgagee, George W. Taylor, of the mortgage last mentioned, attempted and pretended to foreclose said mortgage by advertisement and sale under, and by virtue of the power of sale in said mortgage contained, and at said pretended sale on said 7th of September, 1862, said Mackey became the purchaser of said land, at, and for the price and sum of $681. That on the 29th day of Sept., 1862, the sheriff of said county of Washington, executed, acknowledged and delivered to said defendant, Mackey, a certificate of said sale, which was duly recorded, &c. That no assignment of said mortgage from Taylor to said defendant, Mackey, has been recorded in the office of the Register of Deeds in and for said county of Washington, and as to whether said mortgage has ever been assigned by said Taylor to the defendant, Mackey, or otherwise, this plaintiff has no knowledge or information sufficient to form a belief. That at the time said defendant, Mackey, purchased said land at said pretended foreclosure sale, the plaintiff was in the actual possession thereof, and that said Mackey purchased with full notice and knowledge of the existence of the said agreement between Carli and plaintiff, marked Exhibit A. That said land, on said 23d of January, 1861, and on the 7th Sept., 1862, was of the value of ten thousand dollars and more. That on the 23d of November, 1863, defendant Mackey, by deed duly executed and delivered, conveyed the one undi-

vided half of said premises to the defendant, Daniel McLane, which deed is duly recorded, &c. That at the time he so purchased, McLane had actual notice and knowledge of the existence of said agreement between Carli and plaintiff, &c. That the defendant, Robacke, is now in possession of said land under two several contracts of sale, one by defendant, Daniel McLane, to said Robacke, and the other by Andrew Mackey, to W. and C. S. Getchell, and by them duly assigned to defendant, Robacke, and duly recorded, &c. That said Robacke had notice of the said agreement between said Carli and plaintiff, &c. That said Mackey, on the 4th of May, 1863, entered into possession of said land, and the same has ever since been occupied by him and his assignees, and that the rents and profits, use and occupation of said lands have been, and are one hundred dollars per month, during each and every month since that time. That the plaintiff is now, and ever has been, ready and willing to perform all the terms and conditions on his part, of the said agreement between the plaintiff and said defendant, Carli.

Wherefore plaintiff demands judgment, that the said pretended foreclosure, and the certificate of said pretended sale, and the deed to McLane, and the contract under which Robacke claims, be set aside, and declared null and void. That the agreement between Carli and the plaintiff be reformed in certain particulars (not necessary to specify) &c., and that the specific performance of said agreement be decreed, &c.

The complaint is materially defective as to the defendants, Mackey and McLane, who interposed the demurrer. The complaint shows that on the 10th of July, 1865, Taylor was the owner in fee of the premises. The only allegation of the agreement as between the plaintiff and Taylor is, " that the said Taylor agreed to and with the plaintiff, to sell, quit

claim and release to the plaintiff, all his right, title, interest and claim in, and to the land, at and for the price and sum of three thousand six hundred and fifty-six 83-100 dollars." There is no averment of any promise by the plaintiff to pay this sum, nor any other consideration moving from the plaintiff. The agreement referred to as "Exhibit A" was between the plaintiff and defendant Carli, Taylor not being a party thereto, and was for the express purpose of enabling the plaintiff to obtain money to pay for the land ; as to Taylor, therefore, the alleged agreement on his part to sell the land to Bolles, is *nudum pactum*, and cannot be enforced either in law or equity. The fact that an agreement was made between the plaintiff and Carli, that the latter should pay Taylor the purchase price of the land for the use of the plaintiff, and take the title as collateral security, and in trust for him, could not bind Taylor, not being a party ; as we have seen, he could not even be compelled to accept the payment of the purchase price.

Whatever, therefore, may have been the agreement between the plaintiff and Carli, and whatever rights the former may have as against the latter, Taylor, under these circumstances, although fully advised of the agreement, was not bound by it, and was at liberty, irrespective of the plaintiff's assent, to convey the premises in any manner he desired ; it was therefore competent for him to convey in fee to Carli, upon the terms he did, taking a mortgage for the unpaid purchase money ; and upon default he might foreclose the mortgage and sell the premises. The mortgage being given for this purchase money, and executed at the same time, must take priority of the agreement of Carli, or any incumbrance by him, since the title must enure to him before the incumbrance can exist, and in the case of a mortgage for the purchase money delivered at the same time with the deed,

the title and the incumbrance become simultaneously operative. The purchaser under the mortgage therefore, takes the title free from subsequent incumbrances; notice of the same, therefore, is immaterial. The defendants, Mackey and McLane, claim under the mortgage. If their title is valid, they take the premises discharged of the agreement between plaintiff and Carli.

But the complaint alleges that the mortgage foreclosure sale, at which the defendant Mackey purchased, and under which McLane also derives title through Mackey, was made by Mackey as assignee of Taylor—the mortgagee—of the mortgage from Carli to Taylor, and avers that no assignment of the same was on record, and denies any knowledge or information sufficient to form a belief as to such assignment in fact. This amounts to an averment that no assignment to Mackey existed at the time of the sale. If there be any doubt that the foreclosure of a mortgage by advertisement by a mortgagee in the absence of the record of the mortgage, or by an assignee of a mortgage where the assignment is not recorded, would be void, certainly there can be no doubt that such a foreclosure by a person not the mortgagee, where no assignment has ever been made, would be absolutely void. On the face of the complaint therefore, it appears not only that the sale to Mackey was void, but that he has no interest whatever in the mortgage or mortgaged premises; they are therefore, mere wrong doers, and adequate relief is afforded at law.

But the plaintiff urges that the complaint states facts sufficient to constitute a cause of action as against defendant Carli, and by their demurrer defendants Mackey and McLane admit that Taylor's mortgage has not been assigned to defendant Mackey; consequently by the pretended foreclosure under which defendants Mackey and McLane are alleged to claim

an interest in said land, they acquired no legal or equitable title, or interest in  said land ; yet they *claim* an interest and title which brings them within the rule laid down in *Seager vs. Burns*, 4 *Minn.*, 141. It is sufficient to say that the plaintiff seeks specific relief against the defendants Mackey and McLane; he must therefore, state facts entitling him to relief. Further, it appears from the complaint upon what the defendants Mackey and McLane base their claim to the premises, and that the facts upon which they rely, constitute no claim whatever. The object here is not to bring into Court parties who claim an interest in the land, the character or extent of which is unknown, for the purpose of giving them an opportunity to defend, for it does not appear from the complaint that they claim an interest on any other grounds than those specifically stated. Whatever may be the character of the complaint as to Carli—which it is unnecessary here to consider—as to the defendants Mackey and McLane, it does not state facts sufficient to constitute a cause of action.

The order sustaining the demurrer should be affirmed with leave to plaintiff to amend.