FRED KLENK *vs.* TOWN OF WALNUT LAKE *et al.*

51 381
83 407

Argued by appellant, submitted on brief by respondent, Nov. 17, 1892. Decided Nov. 28, 1892.

**Dedication of Land for a Highway.**

Evidence *held* sufficient to justify a finding of a common-law dedication of a highway.

**Statute Construed.**

1878 G. S. ch. 13, § 47, does not supersede the common-law rule as to dedication to public use as a highway.

**Intent Presumed from Long Use.**

The owner's intent to dedicate may be presumed from long-continued, uninterrupted use by the public.

**Evidence Immaterial.**

On the issue of a common-law dedication, records and files of the office of the town clerk, showing an abortive attempt to establish a highway under the statute before the public use began, are immaterial.

Appeal by plaintiff, Fred Klenk, from an order of the District Court of Faribault County, *Severance*, J., made March 7, 1892, granting the defendants a new trial.

Defendant William R. Haskins and two others, were on July 15, 1889, the supervisors of the town of Walnut Lake in Faribault county, and on that day they entered upon plaintiff's land and opened a way through the fence he had built in the spring on his west line, and drove across the southwest corner of his farm, to the road on his south line. He brought this suit against them and the town, to recover damages for the trespass. They justified that the *locus in quo* was a highway. On the trial the defendants gave evidence that the public had for more than twenty years traveled across this corner of plaintiff's land, upon a track around a slough on this corner of his farm, returning again over the southeast corner of the adjoining farm on the west, to the road running east and west on the section line. The court instructed the jury that no common-law dedication of this track to the public, for a highway, had been shown, and that

there was no proof of a legal road by prescription. But if under the statute the jury found that this track had been used and kept in repair and worked for six continuous years as a public highway it would be a lawful road, whether laid out as such or not, and that was the question for them to determine from the evidence. The defendants properly excepted to these instructions. The jury returned a verdict for the plaintiff and assessed nominal damages.

The defendants moved for a new trial and the court granted it, saying: "I am disposed to think that I erred in taking the question of prescription from the jury, and in rejecting defendants' offer of evidence on that point."

*C. N. Andrews,* for appellant.

Documentary evidence of an abortive attempt to lay out a highway was not admissible. *Ellsworth* v. *Lord,* 40 Minn. 337; *Ziebarth* v. *Nye,* 42 Minn. 541.

A road cannot be proved by common-law dedication over wild uncultivated prairie or over vacant uninclosed land. *State* v. *K. C., St. J. & C. B. Ry. Co.,* 45 Iowa, 139; *Graham* v. *Hartnett,* 10 Neb. 517; *State* v. *Horn,* 35 Kan. 717; *Owens* v. *Crossett,* 105 Ill. 354; *Fox* v. *Virgin,* 11 Ill. App. 513.

This was wild and uncultivated prairie, and there is no evidence as to who had been the owner of the land for the period of twenty years. If a private person owned it, his knowledge of its use by the public is a material ingredient. *Zigefoose* v. *Zigefoose,* 69 Iowa, 391; *Shaffer* v. *Stull,* 32 Neb. 94; *Lajoye* v. *Primm,* 3 Mo. 529.

The statute providing that a road may become legalized by six years' use, is intended to and does supersede common-law dedication. The two are not independent and different rules by which to determine the existence of a highway. *Marchand* v. *Town of Maple Grove,* 48 Minn. 271.

*Quinn & Putnam* and *A. C. Dunn,* for respondents.

The public authorities of the town claimed that there was a public highway along the south line of the plaintiff's farm, except where for

a short distance it veered around a slough. The plaintiff built a fence across this highway, plowed up the land and seeded it down to flax, and thereby prevented the public from using it as a highway.

The question of common-law dedication should have been submitted to the jury, and the court erred in taking it from them.

It is not necessary that the land owner have express notice of the public user. When the user is open, notorious, visible and continuous, under a claim of right, the owner of the servient tenement is charged with notice, and his acquiescence is implied. *Murphy* v. *Doyle*, 37 Minn. 113; *Smith* v. *Putnam*, 62 N. H. 369; *Rogerson* v. *Shepherd*, 33 W. Va. 307; *Evans* v. *Dana*, 7 R. I. 306.

GILFILLAN, C. J. The personal defendants in this case are sued for removing a fence on the land of plaintiff. Their justification is that the fence had been constructed by plaintiff across a highway, and that they, as supervisors of the town, removed it so far as it obstructed the highway. The only question is, was there a highway? There was a verdict for plaintiff, which the court set aside. The court was right in this, though perhaps not upon the reasons it assigned. The motion for a new trial was on the grounds that the verdict was against evidence, and for errors of law occurring at the trial.

There was evidence tending to show an uninterrupted user as a highway by the public for about twenty years before plaintiff constructed the fence, and the defendants offered in evidence records and files in the office of the town clerk, showing an attempt by the supervisors in 1866 to lay out a road under the statute. The attempt, as shown by the papers, was ineffectual, and on plaintiff's objection they were excluded. The court instructed the jury that the evidence would not justify a finding that there was a highway by common-law dedication, or that there was a highway by prescription, which instructions were excepted to; and all that was left to the jury to determine was whether there was a highway by being used and kept in repair and worked as a highway for six years continuously, under 1878 G. S. ch. 13, § 47. The reasons given by the

court for granting the new trial were that it deemed it was in error in taking the question of prescription from the jury, and in excluding the papers offered.

The respondents argue that the papers were competent to support their claim of highway by prescription. But, conceding that a public highway may be established by prescription, we do not see how these papers could tend to establish it. Prescription presupposes a valid grant, and the user by which it is proved is presumed to have been under such assumed grant. We cannot see how the presumption of a grant can be raised or strengthened by showing that the user began, and probably continued, under void proceedings to acquire the public right without grant.

Whether a public highway may be established by prescription is not free from doubt. Prescription presupposing a grant, and to a grant a grantee competent to take being necessary, and the public at large not being competent to take as a grantee, it may be questioned that a public right may be acquired by prescription. But it is not necessary to determine the question in this case, for the same evidence that was introduced to prove a public highway by prescription equally tended to establish a highway by common-law dedication, and the defendants were entitled to a new trial for error in charging that the evidence would not justify a finding of such a dedication.

The appellant claims that section 47, above cited, supersedes the common-law rule as to dedication to public use as a highway. The section does not say so, and it is not inconsistent with the common-law rule. Under that rule, an intent to dedicate, and an act or acts indicating such intention, and an acceptance by the public, evidenced by user, or by some act of the proper authorities, constitute a dedication. These things being shown, no particular time is required to make it complete. It may become complete in a very short time. User by the public, without keeping in repair or working the highway, may establish an acceptance. The statute referred to is somewhat in the nature of a statute of limitations prescribing a time after which, under the conditions specified in it, to wit, using,

keeping in repair, and working, the owner shall not be heard to question the existence of the highway; but that was not intended to be the only mode by which a highway may be dedicated.

We can conceive of no reason why the court below held the evidence insufficient to justify a finding of a common-law dedication, unless it be that it was not expressly proved that the owner of the land knew of and assented to the use of the highway by the public. The intention to dedicate need not be expressed, and no particular act indicating such intention to the public is required. The intent may be gathered from conduct, and may be thus indicated to the public, so that they may be induced to act on it. Acquiescence, without objection, in the public use for a long time, is such conduct as proves and indicates to the public an intention to dedicate. As said in *Case* v. *Favier,* 12 Minn. 89, (Gil. 48:) "It is not necessary to establish a common-law dedication, to show an adverse, exclusive, and uninterrupted possession of the premises for twenty years with the actual or presumed knowledge of those adversely interested. The right of the public does not rest upon a grant by deed, nor upon twenty years' possession, but upon the use of the land, with the assent of the owner, for such a length of time that the public accommodation and private rights might be materially affected by the interruption of the enjoyment." The knowledge and assent of the owner, whoever he may be, whether he is known or unknown, may be presumed from long-continued, uninterrupted use by the public, and the use might be for so long a period that his assent would be conclusively presumed. In *Wilder* v. *City of St. Paul,* 12 Minn. 192, (Gil. 116,) the court, after stating what is necessary to a common-law dedication, said: "This general rule should perhaps be stated with the qualification that, if the owner of the servient estate intentionally or by gross negligence leads the public to believe that he has dedicated the premises to public use, he will be estopped from contradicting his representations to the prejudice of those whom he may have misled." The owner, if ignorant of the public user through his gross negligence, ought not to be allowed to avail himself of such ignorance to the prejudice of the public; and certainly the jury might find it gross neglect in an owner of land to remain ignorant for

v.51m.—25

eighteen or twenty years that the public are using a highway across it.

The papers offered and excluded would have proved nothing on the question of common-law dedication. They could not prove an intent to dedicate nor act of dedication on the part of the owner; and they could not prove an acceptance of a dedication on the part of the public, but only an attempt to secure a highway without regard to the consent of the owner.

Order affirmed.

(Opinion published 53 N. W. Rep. 703.)