### GEORGE A. BOYE v. CITY OF ALBERT LEA.[1]

July 22, 1904.

Nos. 13,988—(206).

**Maintenance of Dam—Dedication.**

Action to recover permanent damages for the flowage of the plaintiff's land by the defendant by the maintenance of a dam at the foot of Fountain Lake, in the city of Albert Lea. Defense that the right to so flow the land had been dedicated to the public. *Held:*

1. The evidence was sufficient to justify the court in submitting to the jury the issues as to the alleged dedication, and to sustain the verdict to the effect that the land had been so dedicated.

2. The court did not commit any reversible error in its rulings as to the admission of evidence or in its charge to the jury.

Appeal by plaintiff from an order of the district court for Freeborn county, Kingsley, J., denying a motion for a new trial, after a trial and verdict in favor of defendant. Affirmed.

[1] Reported in 100 N. W. 642.

*J. A. Sawyer* and *John Anderson,* for appellant.

*Dunn & Knatvold, H. C. Carlson* and *C. E. Southwick,* for respondent.

START, C. J.[2]

This action was brought in the district court of the county of Freeborn to recover permanent damages for the flowage of the land of the plaintiff by reason of the maintenance of a dam by the defendant at the outlet of Fountain Lake, an artificial body of water in the city of Albert Lea. The answer admits that the defendant maintains the dam, and alleges that its maintenance is demanded both by public interests and its own necessities, and that all lands, whether belonging to the plaintiff or others, flowed or damaged by the waters of the lake, were long ago dedicated to the public in order that the body of water created by means of the dam might be made and become a public navigable body of water; and, further, that it is, and long has been, in fact a public and navigable lake. These allegations of the answer were put in issue by the reply. The question of the dedication of the right to flow the plaintiff's land was submitted to the jury, and a verdict returned for the defendant. The plaintiff appealed from an order denying his motion for a new trial.

1. The fundamental question raised by the assignment of errors is whether the evidence was sufficient to justify the submission of the issues as to the dedication to the jury and to sustain their finding to the effect that the right to flow the plaintiff's land had been dedicated to the public. The burden was upon the defendant to establish such alleged dedication by clear and satisfactory evidence by showing an intention of the landowner to make the dedication, acts manifesting his intent, and an acceptance of the offer of dedication by the public. The question as to the common-law dedication is ordinarily and peculiarly for the practical judgment of a jury, or, as said in Morse v. Zeize, 34 Minn. 35, 24 N. W. 287: "The questions of the intention of the landowner, of the significance of his conduct in the premises, and of the public acceptance, are addressed in a rather unusual degree to the plain common sense of a jury, to their knowledge of human nature, and

[2] LOVELY, J., took no part.

their observation of the way things are ordinarily done." Of necessity no general abstract rule can be laid down as to what acts on the part of the landowner and of the public will or will not constitute a dedication. As bearing upon the question, evidence is competent and material which tends to show the acts and declarations of the owner of the land or his grantors when in possession of the land, and the use and enjoyment of the claimed easement by the public with the assent or acquiescence, express or implied, of the landowner. Neither the intention of the landowner to dedicate nor the acceptance by the public need be expressed. The intent to dedicate may be inferred from the acquiescence of the owner in the long and uninterrupted use of the alleged easement by the public. Case v. Favier, 12 Minn. 48 (89); Wilder v. City of St. Paul, 12 Minn. 116 (192); Morse v. Zeize, 34 Minn. 35, 24 N. W. 287; Ellsworth v. Lord, 40 Minn. 337, 42 N. W. 389.

It is neither necessary nor practicable to refer to the testimony of the witnesses in detail, for the record is voluminous. We have, however, examined the evidence fully and with care, keeping in mind the importance of the case to the public and to the plaintiff and other owners whose lands are flowed by the lake in question. We find the evidence conflicting and unsatisfactory in some important particulars, yet upon the whole record we are satisfied that the trial court was justified in submitting to the jury the issues as to dedication, and that we would not be justified in setting aside the verdict, approved as it was by the trial court, on the ground that it was not sustained by the evidence. The plaintiff, however, insists that the undisputed evidence shows that he was entitled to some damages—those shown as arising from the extra height of the dam in the year 1896. The evidence on this point was not conclusive, and the question under the evidence was one of fact for the jury.

2. This conclusion disposes of several of the assignments of error relating to the charge of the trial court. There are, however, other alleged errors as to the charge to be considered. The court gave the plaintiff's request to the effect that the fact that hunting, fishing, and boating, any or all, were done over or near plaintiff's flowed lands, is alone not enough to show dedication; to which the court added:

This means, of course, just what it says—that the fact of hunting or fishing on plaintiff's land in and of itself is not enough to show that there has been a dedication.

This is urged as error for the reason that this emphatic restriction not only puts the limitations to the fore, but plainly implies that, taken with other evidence, this evidence was sufficient. The requested instruction plainly implied that the fact of hunting or fishing on the plaintiff's land might be considered with other evidence on the question of dedication. We see no valid objection to the limitation of the instruction to just what it said. The court instructed the jury, in substance, that a dedication does not necessarily mean the passing of the title, and there may have been a dedication in this case of an easement or right to flow the land without passing the title to the land itself. This is urged as error, because there was no issue as to such qualified easement, and, further, there was no evidence to warrant any such finding. Such limited easement is necessarily included within the allegation of the answer as to the unqualified right of flowage dedicated to the public. The evidence warranted the giving of the instruction.

It is also urged that it was error for the court to charge the jury that they might consider on the issue of dedication the condition of the lake and the public work on the dam. This instruction had reference to the fact that on July 7, 1862, the then owner of the dam executed a deed to the town, now city, of Albert Lea, whereby a right of way four rods wide over the dam was granted to the public. The defendant expended public money and work from time to time upon the dam. There was evidence tending to show that this was done for the maintenance of a highway along the dam, and also for the purpose of keeping the water in the lake at a height which would make the lake healthful, attractive, and of benefit to the public. The entire charge of the court on the subject of the maintenance of the dam was to the effect that the jury, on the question of dedication, might take into consideration the condition of the lake, and the public work upon the dam, and all other facts and circumstances as disclosed by the evidence; that all acts done by the defendant, so far as they were for the improvement or maintenance of the highway over the dam, would not be acts which could be considered by the jury in connection with the question of ded-

ication, but that such acts as were done by the public upon the dam itself, and not upon the highway, for the purpose of maintaining the water in the lake, might be so considered. The charge upon this subject, considered as a whole, was correct. The same suggestions apply to the alleged error of the court in its charge as to the right of way deed. The instructions of the court, considered as a whole, were a clear, fair, and full statement of the law applicable to the issues, and we find in them no substantial errors.

3. The plaintiff assigned a number of errors in the rulings of the court as to the admission of evidence. A wide range of evidence is allowable in cases of this kind, and necessarily the evidence to support the claim of a dedication must be directed to the proof of a large number of facts and circumstances which must be considered as a whole. So, in this case, evidence was received over the objections of the plaintiff, which, considered by itself, was immaterial, or of no value; but other evidence was received which was material, whether considered by itself or in connection with the other evidence in the case. A part of it was given on the cross-examination of witnesses in response to matters covered by the examination in chief. We have examined each of the assignments of error as to the admission of evidence, and find no reversible error in any of the rulings. The errors were technical ones, which could not have substantially prejudiced the plaintiff.

Order affirmed.