JAMES JUNGELS v. MICHAEL SCHRAMEL, SR.[1]

January 25, 1924.

No. 23,678.

**Common law dedication of highway.**

1. To constitute a common law dedication of a roadway there must be an appropriation or surrender by the owner to public use and an acceptance by the public. It may be express, or implied as a fact from attendant circumstances.

**Finding not sustained by evidence.**

2. The evidence does not sustain the finding that there was a common law dedication of a highway.

Action in the district court for Stearns county to restrain defendant from trespassing upon plaintiff's premises. The case was tried before Nye, J., who when plaintiff rested denied defendant's motion to dismiss the action, made findings and ordered judgment in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

*Paul Ahles* and *J. D. Sullivan*, for appellant.

*R. B. Brower* and *J. B. Himsl*, for respondent.

[1]Reported in 197 N. W. 99.

DIBELL, J.

This is an action for an injunction restraining the defendant from trespassing upon the south 14.42 acres of lot 4 in section 32-124-30 in Stearns county. The court found for the defendant. The plaintiff appeals from the order denying his motion for a new trial.

The land upon which the trespass is alleged is a roadway extending north and south across the 14.42 acre tract. The defendant claims that it is a public highway by common law dedication. That was the issue on the trial.

1. To constitute a common law dedication it is essential that there be an appropriation or surrender by the owner to the public use, and an acceptance by the public. The dedication need not be by express words. It may be implied as a fact from the attendant circumstances. The ultitmate fact of dedication may be found from evidentiary facts either expressly or by just inference showing an appropriation or surrender to the public by the owner, and an acceptance by the public. Hurley v. City of West St. Paul, 83 Minn. 401, 86 N. W. 427; Klenk v. Town of Walnut Lake, 51 Minn. 381, 53 N. W. 703; Morse v. Zeize, 34 Minn. 35, 24 N. W. 287; Case v. Favier, 12 Minn. 48 (89); Dunnell, Minn. Dig. and 1916 and 1921 Supps. § 2644, et seq.

2. Lot 4 and other lands were patented to one Geltl in 1862. In 1865 he conveyed lot 4 to Brunner, "excepting and reserving the southern 14.42 acres  *  *  *  the piece of land hereby conveyed containing 40 acres, also the right of way across said south 14.42 acres to the town line between sections 124 and 123, range 20." In a deed of the 14.42 acres by Geltl to one Rorle in 1867, the words were "reserving the right of a road across said 14-42/100 acres however to George Brunner." In the deeds which followed such expressions as "reserving" or "excepting" were used down to and including the deed to one Weyland, in 1912, under whom the plaintiff claims by a contract of purchase which makes no exception or reservation.

The evidence is that for more than 50 years past a roadway has crossed this 14.42 acre tract as an outlet to and from the north. The land over which it passed is dry and wooded. The trees were

felled and the stumps removed from time to time, and work of improvement, such as filling in, was done, not by any municipality or by public authority, but by those making use of the roadway.

The evidence does not sustain the finding of a common law dedication. The improvements were not made by public authority or at public expense. They are referable, as is most of the use, to an easement created by deed. There was not such a surrender or appropriation by the owner to the public use and such acceptance by the public as is essential to a common law dedication.

The rights of the defendant under an easement which he may claim are not for determination on this appeal. They must be worked out first in the trial court.

Order reversed.