# WILLIAM CARPENTER v. B. GANTZER.[1]

July 3, 1925.

No. 24,695.

**Finding sustained by evidence.**
1. The evidence justifies the finding of a public road by common law dedication.

**Conclusion of law sustained by finding of fact.**
2. That being true, the conclusion of law was right and defendant was not entitled to amended findings or relief on his counterclaim.

**Refusal to dismiss when plaintiff rested.**
3. If the evidence when both parties rested justified findings for plaintiff, no reversible error can be asserted upon the court's refusal to dismiss when plaintiff rested.

**Denial of new trial correct.**
4. There was no abuse of discretion in denying a new trial on the ground of newly discovered evidence.

1. See Dedication, 18 C. J. p. 96, § 107.
2. See Dedication, 18 C. J. p. 117, § 141; Highways, 29 C. J. p. 626, § 382.
3. See Appeal and Error, 4 C. J. p. 1020, § 3005; Trial, 38 Cyc. p. 1947 (Anno).
4. See Appeal and Error, 4 C. J. p. 835, § 2817.

Action in the district court for Hennepin county. The case was tried before Waite, J., who ordered judgment in favor of plaintiff. Defendant appealed from an order denying his motion for a new trial. Affirmed.

*Smith, Rietz, Merriam, Soderquist & Wright,* for appellant.

*James E. Carr,* for respondent.

[1]Reported in 204 N. W. 550.

HOLT, J.

Action to enjoin defendant from closing an alleged public road. The answer denied the existence thereof, and counterclaimed for an injunction against plaintiff's repeated trespass upon defendant's premises. Findings were for plaintiff, and defendant appeals from the order denying his motion for amended findings or a new trial.

On the Minnesota river bottoms southwesterly from the Cedar avenue road and bridge, known as No. 8, there is a long narrow strip of land between the river bank and Long Meadow lake, upon which has existed a road leading southwesterly, following closely the river bank. In 1902 plaintiff became the owner of 10 acres of this land located about a mile from the bridge. He has a dwelling thereon. In 1923 defendant became the owner of the land lying northeasterly of plaintiff's clear up to the Cedar avenue road. For over 50 years there has been a wagon road or trail along this narrow strip of land as far southwesterly as where Nicollet avenue projected southerly would intersect Minnesota river. This trail has been used by the several owners to reach their lands and for hauling away the produce thereof, also by hunters and others who had occasion to travel in that direction on business or pleasure. As there were different owners and some used their land for pasture, gates have been maintained at different points along the road, and a gate or two upon the land now owned by defendant was at times locked, but plaintiff was furnished with a key, or else it was kept at the gate in a place known to those who desired to drive over the road. In the early days the road was several rods nearer the lake, but, when that land was desired for cultivation, the traveled track was shifted nearer to the river bank. For the last six years it has remained in the same place.

The vital point in the appeal is whether this finding of fact is adequately supported, viz: "From a point where Bridge No. 8 on the Cedar avenue road crosses the Minnesota river, in the east half of section 13, township 27, range 24 in said county, following said river westward and parallel therewith on the north bank, and extending from said bridge to the property mentioned in the preced-

ing paragraph [plaintiff's property], a distance of one mile, more or less, there is a roadway approximately two rods wide which for approximately six years next prior to the acts set forth in the 3rd and 4th paragraphs hereof was in continuous use as a public highway, with the knowledge and acquiescence of the owners thereof."

There can be no question as to the continuous use of the road by plaintiff and others since he bought his land in 1902. It is a road of necessity to him. Going in the other direction, the road is no better, and much farther to reach his market. The only doubt that can be raised as to the correctness of the finding is that the road has been used as a public highway with the knowledge and acquiescence of the owners of the land it traverses. That plaintiff and others who traveled the road deemed it one they could use as of right, is a conclusion the trial court was amply justified in coming to. Defendant did not acquire his property until 1923, so the question is whether his predecessors in interest with knowledge of the public use made of the road acquiesced, justifying finding a common law dedication of a right of way by the owners of the land.

All the land over which this road passes southwest of the Cedar avenue road appears to have been originally owned by one Pond. It passed by deed or inheritance to his two sons and a daughter. The daughter, Mrs. Ritchie, became the owner of defendant's land, and then the record indicates that she conveyed some or the whole interest to her children before defendant acquired the title. Neither Mrs. Ritchie nor her children occupied the land, it being in possession of tenants. And defendant's point is that one cotenant cannot by consent or acquiescence encumber the title of his cotenant with a right of way, nor can the acts or omissions of tenants in letting public travel pass over the premises divest the landlord of his title. This is all true. But we think the trial court was justified in finding knowledge and acquiescence of the owners. Mrs. Ritchie must have been well acquainted with the situation from childhood, and the inference may be drawn that her children also had knowledge of the use by plaintiff and the public use of the road. When the bridge was built in 1891, provision was made for passing

from this road onto the Cedar avenue road, and later when the county obtained from Mrs. Ritchie a strip of land to widen that road, her son, in her behalf, obtained a promise from the county to make the connection between the two roads better by grading. The county did so improve the connection. Plaintiff bought his land from the Pond family, and no doubt the members thereof knew that the only practical way of ingress and egress for him was by this road to the Cedar avenue road.

Consideration may also be given to the fact that for at least 50 years there had been a well-defined trail along this long strip of bottom lands from some distance northeast of the Cedar avenue bridge running for three or more miles southwesterly. Had the evidence not shown that over part of defendant's land the wheel tracks had moved nearer the river bank, in places 8 rods or more, the trial court would have been justified in finding that as to plaintiff there was a way by prescription. But the trial court deemed of great importance the fact that prior to six years ago the traveled track did not coincide precisely with the roadway now actually occupied since that time. However, the road is the same and has served the same purpose all the time, the encroaching cultivation being gradual, but always leaving room for passage between it and the river bank.

The record shows that the learned trial court took great and commendable pains to confine the evidence received to facts, and prevented witnesses from giving conclusions, and the attorneys from "testifying" by leading questions. Where it is thus made to appear that the trial court keenly appreciated the necessity of arriving at the correct facts and took every precaution to receive only competent and material evidence, great consideration should be given to his findings.

This is not a case of a public road by statutory user. There is no pretence of public work being done upon the road. Plaintiff and other occupiers of land spent some little effort in filling ruts and removing roots or stumps from the wheel tracks. The betterment of the approach to the Cedar avenue. road appears to have

resulted from an arrangement between the county and the owners of the land at that point, and did not extend beyond the right of way of the county road.

The law applicable to the establishment of a public road by common law dedication is fairly well settled. It is not to be based upon doubtful and equivocal conduct or consent of the owner of the fee. Village of White Bear v. Stewart, 40 Minn. 284, 41 N. W. 1045; Ziebarth v. Nye, 42 Minn. 541, 44 N. W. 1027.' However, intention to dedicate may be implied from a long time use by the public. Case v. Favier, 12 Minn. 48 (89). The intent is ordinarily an inference from acts and conduct other than declarations of the owner of the land. Morse v. Zeize, 34 Minn. 35, 24 N. W. 287. The right of the public does not rest upon adverse possession for any statutory period, "but upon the use of the land, with the assent of the owner, for such a length of time that the public accommodation and private rights might be materially affected by the interruption of the enjoyment. The knowledge and assent of the owner, whoever he may be, whether he is known or unknown, may be presumed from long-continued, uninterrupted use by the public, and the use might be for so long a period that his assent would be conclusively presumed." Klenk v. Town of Walnut Lake, 51 Minn. 385, 53 N. W. 702; Wilder v. City of St. Paul, 12 Minn. 116 (192).

There can be no question of the acceptance by the public. "Common user is the very highest kind of evidence that the highway is one of common convenience and necessity, and beneficial to" the public, Kennedy v. Le Van, 23 Minn. 518. There may be usage proving acceptance, even though no public work has been done upon the road. Rose v. Village of Elizabethtown, 275 Ill. 167, 114 N. E. 14. Permissive use need not be found from the fact that occasionally the public tolerated gates over the road for the landowner's accommodation. There is no evidence that any landowner ever molested plaintiff in the use of the road since he bought his land in 1902, until defendant closed it in 1923. We think the trial court warranted in the finding above quoted. That finding calls for the conclusion of law made and the judgment or-

dered. Such being our view, defendant must fail in his defense and counterclaim. Defendant relies with confidence on Jungels v. Schramel, 158 Minn. 93, 197 N. W. 99. But there deeds contained the only grant of right of way there was. The common law dedication is stated as being "an appropriation or surrender by the owner to public use and an acceptance by the public. It may be express, or implied as a fact from attendant circumstances."

The other assignments of error require no discussion. Even were it conceded, which it is not, that defendant was entitled to a dismissal when plaintiff rested, nevertheless, if, when all the evidence was in, his cause of action was established, no error can be predicated upon the refusal to dismiss.

Newly discovered evidence was one of the grounds urged for a new trial. The showing was such that no appellate court could hold the trial court to have abused judicial discretion in refusing a retrial on that ground.

The order must be affirmed.