JAMES METALAK v. PETER B. RASMUSSEN AND
ANOTHER.[1]

October 16, 1931.

No. 28,331.

*Jensen & Morrison,* for appellants.
*William O. McNelly,* for respondent.

STONE, J.

Plaintiff had a verdict for nominal damages. Defendants appeal from the order denying their alternative motion for judgment notwithstanding or a new trial.

As the jury were told in the introductory paragraph of a commendably brief charge, the recovery of damages was but a secondary purpose of the action, the primary one being to determine "whether or not there is a public driveway or cartway" along the boundary line separating two 80s, one owned by defendant Rasmussen and the other by defendant Brandt. Plaintiff's farm lies

[1]Reported in 238 N. W. 478.

immediately west of these lands. The alleged public right upon which his case depends is not put upon a grant by deed (compare Jungels v. Schramel, 158 Minn. 93, 197 N. W. 99) nor upon adverse possession, but solely upon a common law dedication, that is, a "use of the land, with the assent of the owner, for such a length of time that the public accommodation and private rights might be materially affected by the interruption of the enjoyment." Klenk v. Town of Walnut Lake, 51 Minn. 381, 485, 53 N. W. 703, 704. As said there: "The knowledge and assent of the owner, whoever he may be, whether he is known or unknown, may be presumed from long-continued, uninterrupted use by the public, and the use might be for so long a period that his assent would be conclusively presumed."

That was the only theory upon which the case went to the jury. The evidence for plaintiff easily sustains the verdict. Summed up, it was to the effect that for 20 years, or even more, the road has been in general public use by the adjacent community for all its ordinary purposes, not only for travel from farm to farm but in going to and from market. At all times the route has been well defined, wandering somewhat in the earlier years before tillage of the abutting lands began to constrict it. Of late years there seems to be no question, on plaintiff's evidence, that travel has held to the present route without appreciable deviation. Some public work has been done on it, the township having at one time drained the road by ditching and the installation of a culvert. The testimony for plaintiff, some coming from real old-timers whose knowledge goes back in one case full 50 years, is such that plaintiff's claim, now confirmed by the verdict, must be held good here under the rule of the many cases like Klenk v. Town of Walnut Lake, 51 Minn. 381, 53 N. W. 703; and Carpenter v. Gantzer, 164 Minn. 105, 204 N. W. 550.

■ We have considered but find nothing warranting reversal in the numerous other assignments of error. A group of them challenge the exclusion of certain documentary evidence offered by defendants. The excluded documents were petitions for the estab-

lishment of a statutory two-rod cartway over the route in question. Any such petition signed by plaintiff could have been properly admitted as an admission against interest. But in view of the evidence for plaintiff, the exclusion of this evidence could not have been prejudicial.

The objection that plaintiff did not have capacity in his individual right to maintain the action was not made until both parties had rested. We decline to consider it. It came too late.

Order affirmed.