### WESLEY DICKINSON v. ALBERT RUBLE.[1]

December 12, 1941.

No. 32,930.

*George L. Barnard,* for appellant.
*H. Leigh Ronning,* for respondent.

[1]Reported in 1 N. W. (2d) 373.

HILTON, JUSTICE.

Upon a stipulation of facts, the trial judge found that a certain alleyway located upon plaintiff's premises in the city of Willmar had been dedicated to the public and denied plaintiff's request for an injunction. Plaintiff appeals from an order denying a motion for amended findings or a new trial.

Plaintiff acquired the premises in 1938 and shortly thereafter erected a building adjacent to a 10-foot strip of land which had for many years served as an alleyway across to the next street. Defendant owns the adjoining property, and it is to his use of the driveway that plaintiff objects and here seeks to prevent. The controlling question is whether the following finding of fact, taken verbatim from the stipulation, is a sufficient basis for the decision that there had been a common-law dedication of this strip of land:

"For more than fifteen (15) years immediately prior to the construction of said building, said premises, and particularly the said strip of land so used as a driveway, has been openly, adversely, and continuously used by the defendant, his cotenants, predecessors in title, tenants, and by the public in general, as an alleyway or passageway with vehicles between Benson and Pacific avenues in the City of Willmar."

There is no disagreement between the parties over the applicable law. As early as Wilder v. City of St. Paul, 12 Minn. 116, 123 (192, 200), the elements of a common-law dedication were stated: "To constitute a valid common-law dedication there must be an intention to dedicate and an act of dedication on the part of the land-owner and an acceptance on the part of the public." Just as the decision of prior cases has hinged upon whether the requirements of this test were satisfied by the evidence (2 Dunnell, Dig. & Supp. § 2646), so here the decision turns upon what implications can be drawn from the finding above quoted.

Plaintiff admits, as he must, that "acquiescence, without objection, in the public use for a long time, is such conduct as proves and indicates to the public an intention to dedicate." Klenk v.

Town of Walnut Lake, 51 Minn. 381, 385, 53 N. W. 703, 704; Boye v. City of Albert Lea, 93 Minn. 121, 100 N. W. 642; Carpenter v. Gantzer, 164 Minn. 105, 204 N. W. 550. However, he argues that the finding of fact standing alone is insufficient to establish the existence of acquiescence. Nothing, it is said, indicates that the use by the public was with the owner's knowledge. And while at most the use by the public was permissive and terminable at will, even that implication is rebutted by the finding that the public used the lands "adversely." Lastly, it is said that during the years 1927 to 1930, when the city of Willmar leased the premises for a public parking lot, the use by the public was not referable to the dedication.

We think that the above finding of fact afforded adequate basis for implications favorable to dedication. Controlling, of course, is the part of the finding which states that "for more than fifteen (15) years * * * the said strip of land * * * has been openly, adversely, and continuously used by the defendant * * * and by the public in general, as an alleyway." From the fact that for more than 15 years prior to the time of plaintiff's ownership the use had been "open," it may be inferred that the public had used the alleyway in a manner that was manifest, obvious, observable, and unmistakable. If the use was of this character for that length of time, it is reasonable to conclude either that it was known to the prior owner, which was a bank in Willmar, or, if not, the owner was negligent in not knowing and cannot be relieved from its ignorance. Klenk v. Town of Walnut Lake, 51 Minn. 381, 385, 53 N. W. 703. Further, from the fact that the use was "continuous," it may be inferred that the public use was regular, ordinary, expected, even habitual. It allows the conclusion that each time the alley was used by the public it was under a belief that it could and would be used in the same way again. Not only would continuous and open use for more than 15 years indicate an acceptance by the public of a dedication, 2 Dunnell, Dig. & Supp. § 2647, it would establish also that the use here was known not only to the world but to plaintiff's predecessor in

title. Reasonable minds cannot but repel a suggestion that a resident owner knows nothing of a public use of property which is open, obvious, and uninterrupted for more than 15 years. Under our decisions, only "long-continued, uninterrupted use by the public" (Klenk v. Town of Walnut Lake, 51 Minn. 381, 385, 53 N. W. 703, 704) need be proved to establish the owner's acquiescence from which the intention to dedicate is inferred. The stipulation of facts here provided that proof.

We do not deny that the stipulation reveals that for a three-year period the public used the entire premises as a parking lot, and that such use was referable to the lease held by the city and not to the dedication. However, that particular use was not long, and the determinative finding of fact clearly indicates that the alleyway existed for many years before and many years after the use under the lease. Proof of some particular period of public use is not a prerequisite to dedication (Case v. Favier, 12 Minn. 48, 53 [89, 97]), though the weight that will be attached to such public use as evidence of acquiescence will vary proportionally with its length. Klenk v. Town of Walnut Lake, 51 Minn. 381, 385, 53 N. W. 703. Ultimately, the conclusion is reached that "the public accommodation and private rights might be materially affected by an interruption of the enjoyment." Case v. Favier, 12 Minn. 48, 53 (89, 97). Even subtracting the three years, there is enough of public use not referable to the lease to allow a strong inference of acquiescence and of prejudice to the public and defendant from interruption.

So any desire by the plaintiff to exercise private dominion over that part of the premises used as an alleyway must yield to the greater right of the public acquired by long continuous and uninterrupted use. The fact that this use in its origin may have been "adverse" does not prevent or make inconsistent a later inference of acquiescence which arises by virtue of continuous public use with the owner's knowledge. Nor is the fact that the public officials have made no repairs of this alleyway of any consequence upon the question of dedication at common law. Car-

penter v. Gantzer, 164 Minn. 105, 109, 204 N. W. 550; *cf.* Mason St. 1927, § 2590.

Order affirmed.