## VILLAGE OF GLENCOE *vs.* HENRY WADSWORTH.

Submitted on briefs Jan. 6, 1892.  Decided Feb. 10, 1892.

**Color of Paper Title not Requisite to Adverse Possession.**—An actual entry upon and possession of land, though in fact tortious and without color of paper title, but under a claim of right thereto in opposition to and inconsistent with that of the true owner, may ripen into title by adverse possession.

**Disseisor's Claim.**—The claim of the disseisor must be asserted as a matter of right so as to be notice to the owner.

**Acts without Words may Constitute Disseisin.**—Continued acts of ownership upon the property, occupying, using, and controlling it as owner, constitute the usual *indicia* of asserting a claim of title, and are sufficient notice of such claim to the owner.

Appeal by plaintiff, the village of Glencoe, from an order of the district court of McLeod county, *Cadwell,* J., made August 17, 1891, refusing a new trial.

This action was ejectment to recover the possession of an alley one rod wide between lots three (3) and six, (6,) in block thirty-three, (33,) in Franklin, now included in Glencoe, Minn.  The answer was adverse possession for more than 20 years next before the commencement of the action.  On the trial, in May, 1891, the court directed a verdict for defendant.  The plaintiff, having moved for a new trial, appealed from the order denying it.

*Little & Nunn* and *F. R. Allen,* for appellant.

*W. F. Schoregge,* for respondent.

VANDERBURGH, J.  The controversy is over the possession of an alley in the village of Glencoe, which includes within its bounds the town site of Franklin as originally surveyed and platted.  The complaint alleges that the plaintiff is entitled to the possession of that portion of the alley in block thirty-three, (33,) in the town site of Franklin, running east and west between lots three (3) and six, (6.)  These lots both front on the same street.  The defendant is alleged to be in possession of the alley, and he occupies the same in connection with the lots named.  He claims to have ac-

quired title by adverse possession. The fact of defendant's possession and occupancy for upwards of twenty (20) years before the suit was brought is shown by undisputed evidence. It is clearly shown that the alley has never been open during all that time, and that the defendant has so occupied it with his store and warehouse in connection with lot six, (6,) his warehouse covering nearly the entire width of the alley. We think the evidence was sufficient to support a finding that the possession was adverse, and under a claim of ownership.

Defendant did not enter under color of title; but this is not necessary, the other essential conditions to establish adverse possession being shown. A tortious entry upon and possession of land without color or pretense of paper title, but under a claim of right thereto, in opposition to and inconsistent with the title of the true owner, may ripen into title by adverse possession. Sedg. & W. Tr. Title Land, § 729; *Illinois Cent. R. Co.* v. *Houghton*, 126 Ill. 239, (18 N. E. Rep. 301.) But there must be an actual entry and ouster under claim of title in hostility to that of the true owner, accompanied or manifested by acts of ownership, and followed by actual and continuous possession. That is to say, the claim of the disseisor must be asserted as a matter of right, so as to be notice to the owner and to expose the former to an action by the latter; for it is the fact of his being thus exposed to an action, and the neglect of the opposite party to bring suit within the statutory period, which form the basis of the title by prescription or adverse possession. *Felton* v. *Simpson*, 11 Ired. 84. In this instance the possession was open, notorious, exclusive, and continued for the statutory period. Erecting and occupying buildings on the land is evidence that the defendant was claiming it as owner. There were positive acts of ownership in his own behalf, inconsistent with the title and possession of the plaintiff, sufficient to make a *prima facie* case of adverse possession. It was not necessary that the defendant should have made oral declarations of his claim. It is sufficient if the proof shows that he has so acted as to clearly indicate that he did claim title. Continued acts of ownership, occupying, using, and controlling the property as owner, constitute the usual and natural mode of asserting a claim of title,

and it is often the only proof by which such claim can be established, or of which it is susceptible. *Illinois Cent. R. Co.* v. *Houghton, supra.* The question of adverse possession is usually one for the jury, in view of all the circumstances in evidence. We have had some doubt whether it should not have been submitted to the jury in this case, but in view of the character of the evidence in defendant's behalf there is hardly any room for dispute as to the inference to be drawn from it, and we doubt if a verdict against defendant could be sustained. Hence we are of the opinion that there was no error in directing a verdict.

Order affirmed.

(Opinion published 51 N. W. Rep. 377.)