JOSEPH CARPENTER v. R. M. COLES and Another.

December 16, 1898.

Nos. 11,478—(190).

75   9
78  104

### Adverse Possession—Intent of Disseisor—Statute of Limitations.

All that is necessary to render possession of lands adverse, so as to set the statute of limitations in motion, is that the disseisor enter and take possession with the intention of holding the lands for himself to the exclusion of all others.

### Same—Color of Title.

It is not necessary that he should enter under color of title, or under a claim that he has a legal right to enter.

Appeal by defendants from an order of the district court for Washington county, Crosby, J., denying their motion for a new trial after a verdict in favor of plaintiff. Reversed.

*J. N. Castle*, for appellants.

The effect of color of title, where an entry is made and possession taken and held in accordance with it, is to define the extent of the possession claimed. Washburn v. Cutter, 17 Minn. 335 (361); Sage v. Larson, 69 Minn. 122. All adverse possession is a trespass. Costello v. Edson, 44 Minn. 135. See also Sage v. Morosick, 69 Minn. 167; Sage v. Larson, supra; Brown v. Kohout, 61 Minn. 113.

*Geo. E. Budd*, for respondent.

Where there is no claim of right, the possession cannot be adverse to the true title. Harvey v. Tyler, 2 Wall. 328; Ewing v. Burnet, 11 Pet. 41; Hogan v. Kurtz, 94 U. S. 773; Holtzman v. Douglas, 168 U. S. 278. To substantially the same effect is Brown v. Kohout, 61 Minn. 113; Sage v. Rudnick, 67 Minn. 362; Village of Glencoe v. Wadsworth, 48 Minn. 402; City of St. Paul v. Chicago, M. & St. P. Ry. Co., 63 Minn. 330; Dean v. Goddard, 55 Minn. 290;

Beasley v. Howell, 117 Ala. 499; Maple v. Stevenson, 122 Ind. 368; Heller v. Cohen, 154 N. Y. 299; Ballard v. Hansen, 33 Neb. 861; Hayden v. McCloskey, 161 Ill. 351; Hintrager v. Smith, 89 Iowa, 270; Sancrainte v. Torongo, 87 Mich. 69; Atkinson v. Smith (Va.) 24 S. E. 901; Wade v. Johnson, 94 Ga. 348; Thompson v. Felton, 54 Cal. 547; Wilkerson v. Eilers, 114 Mo. 245; Davis v. Bowmar, 55 Miss. 671; Turner v. Turner, 34 Tenn. 27; Sacket v. McDonnell, 8 Biss. 394; 1 Am. & Eng. Enc. 228.

MITCHELL, J.

Action of ejectment. Defense, title by 15 years' adverse possession. The court instructed the jury as follows:

"Did the defendants enter into the possession of the land fifteen years before September 1, 1897, the time this action was commenced, under a claim of right so to do, and have they remained in the actual, open, continuous, hostile and exclusive possession since that time with the intent of claiming it adversely?"

"A person has not any right, arbitrarily and without any claim of right, knowing that he has no right whatever, to go and take with a high hand wrongful possession of land, and avail himself of the statute of limitations."

"A person cannot view a piece of land that he has no kind of interest in, no title to, and enter upon it with a view of occupying it fifteen years, and by so occupying, occupy wrongfully and without any claim of right, and does this with a view of invoking the statute of limitations."

The meaning of these instructions is that the statute will never run in favor of a disseisor whose adverse possession originated in a naked and wilful trespass; that to set the statute in motion the entry must have been made under some color or claim of title which the disseisor claimed gave him the legal right to enter. This is clearly incorrect, for the books are full of cases where tortious entries upon and possession of land without any pretense of title or rightful claim to the land have ripened into title of adverse possession. "A disseisor," says Lord Coke, "is where one enters intending to usurp the possession, and to oust another of his freehold." So the whole inquiry is reduced to the fact of entering and the intent of the disseisor to usurp possession for himself to the exclusion of others.

Wherever the proof is that the one in possession entered and holds for himself to the exclusion of all others, the possession so held is adverse, and, if such possession is continued the sufficient length of time, it will ripen into title, regardless of the good faith or the bad faith of the disseisor, or whether he claimed the legal right to enter, or avowed himself a wrongdoer. The two essential elements are possession and adverse intent. The misapprehension on the subject arises from the somewhat misleading, if not inaccurate, terms frequently used in the books to express this adverse intent, such as "claim of right," "claim of title," and "claim of ownership." These terms, when used in this connection, mean nothing more than the intention of the disseisor to appropriate and use the land as his own to the exclusion of all others.

To make a disseisin it is not necessary that the disseisor should enter under color of title, or should either believe or assert that he had a right to enter. It is only necessary that he enter and take possession of the lands as if they were his own, and with the intention of holding for himself to the exclusion of all others. This appropriation once made, and possession once begun, the presence or absence of good faith of the possessor, or whether the possession originated in a naked trespass, or was taken under color or claim of title, is wholly immaterial.

The question of color of title is only material in so far as the possession claimed is derived from and depends upon the instrument constituting the color of title; that is, it applies only to the constructive possession which such an instrument gives the claimant under it. See Sedgwick & W. Tit. c. 29; Bryan v. Atwater, 5 Day, 181. This adverse intent to oust the owner, and possess for himself, may be generally evidenced by the character of the possession and the acts of ownership of the occupant; and according to the bill of exceptions evidence of this character was introduced from which the jury would, in the absence of any explanatory evidence, have been justified in finding that the defendants' possession was adverse. Hence, presumably, the error in the charge was prejudicial.

Order reversed, and a new trial granted.