J. HARRIS COOL v. THOMAS H. KELLY.

November 17, 1899.

Nos. 11,814—(73).

### Ejectment—Adverse Possession.

This is an action of ejectment, in which it is *held* that a finding of the trial court to the effect that the defendant was not, for 15 years next before the commencement of the action, in the adverse possession of 33 acres of the land in dispute, is not sustained by the evidence.

### Tax Certificate Void—Delinquent Tax of 1889 and Prior Years.

A tax-sale certificate, made pursuant to Laws 1893, c. 150, which

recites a sale of land pursuant to a tax judgment in proceedings to enforce the payment of taxes upon real estate delinquent in the year 1879 and prior years, and in the year 1889 and prior years, without otherwise indicating for what taxes the judgment was rendered, *held* void on its face.

Action of ejectment in the district court for Steele county. The case was tried before Buckham, J., who found in favor of plaintiff; and from a judgment entered pursuant to the findings, defendant appealed. Reversed.

*H. E. Johnson* and *Wheelock & Sperry*, for appellant.

*Harlan E. Leach* and *Sawyer & Sperry*, for respondent.

START, C. J.[1]

This is an action of ejectment, the subject-matter of which is a quarter section of land in the county of Steele. The complaint was in the usual form, and the defendant by his answer denied plaintiff's title, and alleged that he was the owner of the land by adverse possession, and pleaded the statute of limitations. He also asserted title and right to possession of the land under a certain tax-sale certificate. It was admitted on the trial that the plaintiff was the holder of the record title to the land. The trial court found that the defendant was not at any time prior to May 28, 1889, in possession of any part of the land in hostility to the owner of the record title; also, that the tax-sale certificate under which the defendant claimed the right to retain possession of the whole of the land was void on its face. The defendant appealed from the judgment entered on the findings.

1. The defendant's first contention is that the finding of the trial court as to adverse possession is not sustained by the evidence. The evidence is undisputed, and the court so found, that on August 1, 1861, the United States issued its patent for the land, and that it has ever since been vacant and unoccupied, except as it has been in the possession of the defendant; and, further, that defendant went upon the land in 1877 and 1878, broke about four acres thereof, and has ever since that time continued to use and cultivate the part so broken in connection with his own cultivated land adjoining the same, and that in the year 1882 he fenced in with adjoining lands of

[1] MITCHELL, J., took no part.

his own about 29 acres of this land for a pasture, and has ever since that time maintained said fence, and continued the use of such tract as a pasture in connection with his own adjoining land. The defendant's entry upon and occupancy of the 33 acres so cultivated, fenced, and used by him was without color of title; but on May 28, 1889, the holder of certain tax-sale certificates of the whole of the land executed to him a quitclaim deed thereof, and thereafter he took, under such deed, the actual possession of the balance of the quarter section here in dispute, and ditched and fenced in the whole thereof. The evidence is also practically undisputed that when the defendant entered upon the 33 acres the balance of the quarter was a swamp, and covered with water, except a few small and disconnected pieces of high ground.

The defendant, from this fact, claims that he occupied and used the whole quarter from the date of his actual entry upon the 33 acres in the only manner the land was capable of; hence, his possession extended to the whole quarter. The evidence does not justify the claim, and the question as to the defendant's adverse possession must be limited to his occupancy of the tract of 33 acres.

It was not necessary that the defendant should have entered upon the tract under color of title, in order to make his possession adverse, and set in motion the statute of limitations. If he took and held possession with the intention of holding the tract for himself to the exclusion of all others, his possession was hostile and adverse. An adverse intent to oust the owner and possess for himself may be generally evidenced by the character of the possession and the acts of ownership of the occupant. His good or bad faith in the premises is not material. Carpenter v. Coles, 75 Minn. 9, 77 N. W. 424. The undisputed evidence establishes that the defendant, more than 15 years next before the commencement of this action, entered upon, fenced, cultivated, and pastured the tract of 33 acres, and that at all times thereafter he was in the actual, open, exclusive, and continuous occupancy thereof. There is no substantial controversy as to this proposition, but it is claimed by the plaintiff that such possession of the defendant was not adverse or hostile; and the trial court so found. If the defendant, when he entered into possession of the tract, did so with the intention of claiming it

as his own, then his possession was hostile, and his claim of title by adverse possession is established. The trial court was unable to find from the evidence that he did enter with such intention, and accordingly found, in effect, that his possession prior to his obtaining color of title—the quitclaim deed—was not hostile. Is this finding sustained by the evidence?

The testimony of the defendant on this point was to the effect that he entered upon the land because it would fit in with his own farm, and with the purpose of claiming it as his own, as he understood that it had been abandoned; that he went on to it with the understanding that it was to be his, and so claiming it. All of his acts characterizing his possession, as shown by the evidence, corroborate his testimony. It is true, as claimed by plaintiff, that the defendant made no oral declarations to his tenants or any one else that he claimed the land; but the absence of such declarations has no tendency to show that his possession was not adverse, unless he was interrogated as to the character of his possession, or his right to the land was in some way challenged. Village of Glencoe v. Wadsworth, 48 Minn. 402, 403, 51 N. W. 377. Such is not this case. It is also true that he did not pay any taxes on the land prior to the time he obtained his quitclaim deed. This, however, has no tendency to prove that he did not occupy the land with the intention of claiming it as his own if he could. It is not an unreasonable inference that he preferred to let the taxes go unpaid until an action to dispossess him was barred, or until he could purchase the tax title, as he afterwards did. Again, it is urged that the defendant changed his attitude towards the land after he got his deed, in that he thereafter extended two ditches across the 33-acre tract. This is not significant, for it has no tendency to change the character of his previous possession. These are substantially all the facts here urged by the plaintiff in support of the finding that the defendant's possession was not what it appeared to be from his acts; that is, hostile and adverse. They are, in our opinion, insufficient.

We accordingly hold that the evidence is practically conclusive that the defendant's possession of the tract was adverse, and that the finding of the trial court to the contrary is not supported by the evidence.

2. The defendant, for the purpose of showing that he was entitled to retain possession of the whole quarter section in question, offered in evidence a tax-sale certificate thereof to himself dated October 12, 1893, and purporting to have been made pursuant to the provisions of Laws 1893, c. 150, approved April 10, 1893. The trial court found that this certificate was void on its face, and refused to receive it in evidence for the purpose stated. The finding and ruling are assigned as error.

Such certificate, if valid on its face, was prima facie evidence that the title to the land therein mentioned was in the person therein named, subject to the right of redemption at any time within one year from the date of the sale, and that the purchaser was entitled to the possession of the land until it was redeemed. Such are the express provisions of the statute which prescribes the form of the certificate. Laws 1893, c. 150, §§ 5–7. The land was still subject to redemption at the time of the trial of this action. Counsel for the plaintiff urge that, because the tax-sale certificate was not pleaded in the answer, the ruling of the court, in any event, was correct. It was not necessary to plead it, for neither party pleaded the source of his title, and the right of the plaintiff to the present possession of the premises was in issue by the denials of the answer, and the certificate, if valid on its face, was competent and material evidence on that issue. But the trial court was correct in holding that the tax-sale certificate was void on its face.

It is true that it is substantially in the form prescribed by the statute. It, however, states that the sale was made pursuant to a tax judgment dated September 12, 1893, in proceedings to enforce the payment of taxes upon real estate delinquent in the year 1879 and prior years, and in the year 1889 and prior years. Otherwise than this, it does not indicate for what taxes the judgment was rendered. Hence it appears on the face of the certificate that the judgment was based on taxes delinquent in the year 1879 and prior years; that is, it appears on the face of the certificate that the statute of limitations had run against any action to obtain a judgment against the land for the taxes delinquent in 1879 and prior years when Laws 1893, c. 150, was enacted. So much of this act as purports to authorize the recovery of a judgment for taxes or on

tax judgments against which the statute had run before the approval of the act is invalid, and any judgment based thereon is a nullity. Pine Co. v. Lambert, 57 Minn. 203, 58 N. W. 990; Kipp v. Elwell, 65 Minn. 525, 68 N. W. 105. The last case cited is conclusive that such a judgment is void, and the certificate showing upon its face that the sale was made pursuant to a void judgment, is itself void.

Judgment reversed.