### CITY OF HASTINGS v. HARVEY GILLITT.[1]

January 31, 1902.

Nos. 12,800—(179).

**Highway—Adverse Possession—Laws 1899, c. 65.**

Village of Wayzata v. Great Northern Ry. Co., 50 Minn. 438, and other cases, to the effect that the public easement in and to streets and highways may be lost by adverse possession, and title thereto acquired by a person occupying and possessing the same for the period of fifteen years, followed and applied. This rule has, however, been changed for all future purposes by Laws 1899, c. 65, but rights acquired prior thereto in reliance upon former decisions of the court cannot be disturbed.

Action of ejectment in the district court for Dakota county to recover possession of a portion of a public street occupied by defendant. The case was tried before Crosby, J., who found in favor of defendant. From a judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*Albert Schaller*, for appellant.

*W. H. Gillitt*, for respondent.

BROWN, J.

Appeal from a judgment of the district court of Dakota county. The facts are short. The action was brought by the city of Hastings to eject defendant from a portion of one of the public streets

[1] Reported in 88 N. W. 987.

of that city, which, it is alleged in the complaint, defendant wrong-fully and unlawfully holds. The court below found as facts that some time prior to the year 1874 the street in question duly became a public street of the city of Hastings, and that at about that time defendant inclosed the portion thereof now in controversy with a fence, and has cultivated and improved the same, and has continuously since maintained the open, notorious, exclusive, and adverse possession thereof. As conclusions of law, the court held that the defendant acquired title to the street, or to that portion he had fenced in and cultivated, by adverse possession.

The question whether the public easement in and to streets and highways may be lost by adverse possession is one that has been settled by prior decisions of this court. We do not regard it as an open question in this state. Village of Glencoe v. Wadsworth, 48 Minn. 402, 51 N. W. 377; Village of Wayzata v. Great Northern Ry. Co., 50 Minn. 438, 52 N. W. 913; City of St. Paul v. Chicago, M. & St. P. Ry. Co., 45 Minn. 387, 48 N. W. 17.

Whether the decisions announcing that doctrine be right or wrong, on the rule of stare decisis we feel bound to follow and apply them. They have become a rule of property, and rights heretofore acquired in reliance thereon should not be disturbed. The legislature, by Laws 1899, c. 65, put the question at rest for all future time, and for this reason we feel less hesitation in following a rule that must be conceded to be at variance with the overwhelming weight of authority and reason; and, as the legislature has changed the rule for future purposes, there is no occasion for the court to overrule the former decisions on the subject.

The judgment appealed from is affirmed.