## NELS HARAMON v. C. E. KRAUSE.[1]

December 16, 1904.

Nos. 14,086—(68).

**Dedication.**

Where the public authorities have for thirty years refrained from opening an alley originally dedicated to the public use, and it is in the peaceful possession of the owner of the fee, a stranger to the title is not justified in removing a fence inclosing the same and in cutting down fruit trees growing thereon.

**Adverse Possession.**

Prior to the adoption of chapter 65, p. 65, Laws 1899, the public easement in and to streets and highways might be lost by fifteen years' adverse possession. City of Hastings v. Gillitt, 85 Minn. 331; Village of Wayzata v. Great Northern Ry. Co., 50 Minn. 438; and Village of Glencoe v. Wadsworth, 48 Minn. 402, followed.

Action in the district court for Kandiyohi county to recover $96, treble damages, for trespass. The case was tried before Qvale, J., and a jury, which rendered a verdict in favor of plaintiff for $60. From an order denying a motion for a new trial provided plaintiff should consent that the verdict be reduced to $30, defendant appealed. Affirmed.

*Mason W. Spicer* and *Lyndon A. Smith,* for appellant.

*Samuel Porter* and *Daniel Fish,* for respondent.

DOUGLAS, J.

After a number of disagreements this action for damages, growing out of a trespass on plaintiff's land, resulted in a verdict in favor of plaintiff for the sum of $60. From an order of the district court of Kandiyohi county reducing the verdict to $30, but denying his motion for a new trial, defendant appeals.

It appears both the plaintiff and defendant recently acquired lots upon opposite sides of an alley in a certain block situated in the village of New London. This alley was duly dedicated to the public use in 1870 by the owner of the premises, at which time a plat thereof, sub-

dividing the same into lots, blocks, streets, and alleys, evidencing such dedication, was filed in the office of the register of deeds of said county. It was conceded at the trial that the public authorities never caused said alley to be opened. Since his purchase in 1901 plaintiff has continuously used the so-called alley for private purposes and kept it fenced, and since the recording of said plat the alley has never been used by the public except on three or four occasions. Defendant, without notice, removed plaintiff's fence from that portion of his lots alleged to constitute the alley, cut down some large plum trees and a shade tree growing thereon, as well as some trees belonging to plaintiff standing a few feet distant from the line of the alley, and also dumped a lot of offal in part within and in part outside of it upon said premises. For the latter act defendant admitted a liability for nominal damages.

In submitting the question of damages the court charged the jury in substance that, as plaintiff was in peaceable possession of the strip of land in question, defendant, under all the circumstances, was not justified in destroying said fence or trees, and was liable for treble the amount of actual damage done to lot 5, owned by plaintiff, provided the jury found said acts to have been done maliciously; also for actual damage to lot 3. In its order overruling defendant's motion for a new trial, the court reduced the verdict of the jury to the sum of $30, and certifies it does not exceed the amount of actual damage inflicted by defendant.

We are of the opinion the evidence amply sustains the finding of the jury, and that the court did not err in its charge. Neither did the court err in admitting evidence of the cost of restoring the fence which was removed by defendant, or in removing débris deposited by him in the alley. After admitting such evidence during the course of the trial, the court adopted and announced defendant's view of the law, to wit, that the measure of damages was the difference between the value of the property before and after the trespass. Thereafter evidence was introduced on behalf of each party upon this theory, and in an explicit charge the court submitted the question of the amount of damage to the jury for determination. It also appears the cost of removing such débris and restoring the fence did not exceed the amount ultimately found to represent the diminution in value of the lots. It may there-

fore be said the court followed Nelson v. Village of West Duluth, 55 Minn. 497, 57 N. W. 149.

Prior to the adoption of chapter 65, p. 65, Laws 1899, it was repeatedly held by this court that the public easement in and to streets and highways might be lost by adverse possession, and title thereto be acquired by a person occupying and possessing the same for a period of fifteen years. City of Hastings v. Gillitt, 85 Minn. 331, 88 N. W. 987; Village of Wayzata v. Great Northern Ry. Co., 50 Minn. 438, 52 N. W. 913; Village of Glencoe v. Wadsworth, 48 Minn. 402, 51 N. W. 377. Tested by this rule, it may be assumed the right of the public to use the alley in question was extinguished. In any event, the village authorities having acquiesced in the use of the lots by plaintiff and his predecessors for over thirty years, defendant was not justified in forcibly removing fences from the so-called alley, the legal title of which remained in plaintiff, or destroying trees growing thereon. In our opinion, the verdict is sustained by the evidence.

We have examined all other assignments, and are of the opinion error was not committed by the trial court.

Order affirmed.