ANDREW MATTSON v. ELLSWORTH C. WARNER and Others.[1]

November 3, 1911.

Nos. 17,214—(62).

**Adverse possession — evidence.**

> In this action plaintiff claimed title to land by adverse possession. *Held,*
> that the finding of the trial court that plaintiff's possession was not hostile
> or adverse, or under a claim of right or title, is sustained by the evidence.

**Rulings on evidence.**

> There was no error on the rulings on the admission of evidence.

Action in the district court for St. Louis county to determine adverse claims to certain real estate. The case was tried before Dibell, J., who made the findings mentioned in the third paragraph of the opinion, and ordered judgment in favor of defendants. From an order denying plaintiff's motion to amend the findings of fact and conclusions of law, or for a new trial, he appealed. Affirmed.

*John A. Keyes,* for appellant.

*Wilson G. Crosby* and *Oliver S. Andresen,* for respondents.

BUNN, J.

This action was brought to determine adverse claims to three lots in West Duluth. Plaintiff alleged ownership in himself. The answer denied that plaintiff was the owner of the lots, alleged that defendants were the owners, and asked affirmative relief. On the trial plaintiff sought to prove title by adverse possession; the record title being in defendants.

The evidence showed that the lots were situated about four and one-half miles from the business district of Duluth, and one mile from the business portion of West Duluth. In 1894 these lots and the adjoining land, though platted, were covered by a dense growth

[1] Reported in 132 N. W. 1127.

of brush and trees. There were no buildings in the vicinity, except a few shacks built by squatters. In the spring of that year plaintiff cleared a portion of the lots, and built a small dwelling, barn, and shed, and fences inclosing an irregular portion of the tract and part of an alley. Plaintiff lived in the house with his wife and children continuously from 1894 until the spring of 1906, when they moved into another house which plaintiff had built on a lot purchased by him. Six months later they moved back to the lots in question, and have since lived there. During the six months plaintiff's brother occupied these lots with plaintiff's permission. Plaintiff never had any color of title to the lots, but took possession because he wanted a home. His possession was clearly actual, exclusive, visible, and open; but there was no evidence of any assertion of ownership by plaintiff, other than his possession. The owners apparently made no effort to interfere. Plaintiff never paid any taxes on this property, though he did pay taxes on the lot purchased by him, and understood that it was necessary to do so in order to hold the property. In fact, defendants paid the taxes each year.

The trial court found as facts that plaintiff had been in the visible, open, notorious, actual, and exclusive possession of that portion of the lots inclosed within the fences since 1894, but that such possession was not hostile or adverse, or under claim of right or title. On these findings, judgment for defendants was ordered. Plaintiff made motions for amended findings and for a new trial, and appealed from the order denying such motions.

The only question is whether the finding of the trial court that plaintiff's possession was not hostile or adverse, or under claim of right or title, is sustained by the evidence. Admittedly we must apply the familiar rule that the findings of the trial court on a question of fact will not be disturbed, unless clearly and manifestly against the weight of the evidence. Possession, to be such as will ripen into a title, must not only be actual, open, continuous, and exclusive, but it must be hostile and accompanied and characterized by some claim or assertion of title, and with an intention on the part of the possessor to claim adversely to the true owner and to the world. The intention to claim title must be made distinctly and

clearly to appear, and whether such intention existed in the mind of the occupant during the time of his possession is a question of fact. Todd v. Weed, 84 Minn. 4, 86 N. W. 756. While plaintiff's acts in clearing the land, erecting buildings and fences, and occupying it as a home are all evidence of a claim or assertion of title, yet they are not conclusive, or necessarily controlling. The land was wild, and, though platted, was some distance from any houses, except shacks built and occupied by squatters. Plaintiff went into possession, not under any color or even claim of ownership, but because he wanted a home. His evidence is far from clear that he intended to assert any claim of title until a few years before the action was commenced. He never paid any taxes on the land, though knowing that it was necessary for the owner of land to pay taxes thereon. This fact alone is "strong and forcible evidence, though not conclusive, that his possession was not under claim of title, nor with an intent to claim adversely to the true owner." Todd v. Weed, supra.

Of the cases decided by this court, relied on by plaintiff, Village of Glencoe v. Wadsworth, 48 Minn. 402, 51 N. W. 377, Costello v. Edson, 44 Minn. 135, 46 N. W. 299, Dean v. Goddard, 55 Minn. 290, 56 N. W. 1060, Brown v. Kohout, 61 Minn. 113, 63 N. W. 248, and Sawbridge v. City of Fergus Falls, 101 Minn. 378, 112 N. W. 385, were all cases where the question was whether the evidence supported a decision that the possession was adverse, not whether a contrary finding was clearly and manifestly against the evidence. They contain nothing that is inconsistent with a conclusion here that the trial court's decision must stand.

It is true that continued acts of ownership constitute the natural and usual mode of asserting or claiming title, and that to make a disseisin it is not necessary that the disseisor should enter under color of title, or should either believe or assert that he had a right to enter. It is necessary that he enter and take possession of the lands as if they were his own, and with the intention of holding for himself to the exclusion of all others. Carpenter v. Coles, 75 Minn. 9, 77 N. W. 424. But the question of the intent to claim title is always one of fact, to be determined, to quote the language of the trial

court, by a "four-cornered consideration of all the evidence." No one evidentiary fact is controlling, though it be strong evidence to indicate the intent to claim title or the absence of it. In this case the evidence of continued and open occupancy, though the entry was wrongful, tends to show a claim of title, while the circumstances surrounding the entry and the failure to pay taxes tend to show the absence of such intent.

We are satisfied that the evidence as a whole presented a question of fact, on which the decision of a trial court or the verdict of a jury either way would have to be sustained by this court on appeal.

The case of Cool v. Kelly, 78 Minn. 102, 80 N. W. 861, is the only one cited where this court has refused to sustain the findings of a trial court or the verdict of a jury holding that the possession was not adverse, hostile, or under claim of title. The facts in that case are clearly distinguishable from the facts in this. There the defendant testified that he entered upon the land because it would fit in with his own farm; that he understood it was abandoned land, and went into possession claiming it as his own. He paid no taxes for seven years, but then purchased a tax title, and afterwards paid the taxes. The statement in the opinion that defendant's failure to pay these taxes had no tendency to prove the want of intention to claim title was correct, in view of his purchase of the tax title and subsequent payment of taxes, and does not conflict with Todd v. Weed.

We hold that the findings of the trial court that plaintiff's possession was not hostile or adverse, or under claim of title, are sustained by the evidence.

We find no error in the rulings on the admission of evidence.

Order affirmed.