# G. WILLIS PETERS and Another v. WILLIAM TACKABERRY.[1]

May 3, 1912.

Nos. 17,629—(40).

**Adverse possession — new trial — failure to pay taxes.**
Action to recover possession of land in the city of Duluth, the record title to which was in the plaintiffs, and defendant claimed title by adverse possession only. The verdict awarded the possession of only a small portion of the premises to the plaintiffs, and they made a motion for judgment notwithstanding the verdict or a new trial. The motion for judgment was denied, and a new trial granted. Both parties appealed. *Held*, that the motion for judgment was correctly denied, and the new trial rightly granted, for the failure of the court to give the plaintiffs' requested instruction to the effect that failure to pay taxes tends strongly to prove lack of claim of title.

Action by the executors of the estate of John L. Dodge, deceased, in the district court for St. Louis county to recover possession of certain real estate. The case was tried before Dibell, J., and a jury which rendered a verdict in favor of plaintiffs in the form given in the second paragraph of the opinion. Plaintiffs moved for judgment notwithstanding the verdict or for a new trial. The court denied the motion for judgment but granted the motion for a new trial. From that part of the order denying their motion for judgment, plaintiffs appealed. From the order granting a new trial, defendant appealed. Affirmed on both appeals.

*Daniel G. Cash* and *J. B. Richards,* for plaintiffs.
*John Jenswold, Jr.,* for defendant.

START, C. J.
This action was brought December 3, 1904, in the district court of the county of St. Louis, to recover possession of what was for-

[1] Reported in 135 N. W. 805.

merly the east half of Fifth Avenue East, between Superior street and First alley, in the city of Duluth. This part of the avenue was duly vacated, June 18, 1881, by decree of court, and the title thereto adjudged to be in the owner of the adjoining lot 1, block 9, Portland division, plaintiffs' testate, John L. Dodge, deceased, in whom the fee title of record to the premises was at the time of his death on May 18, 1904. The complaint in this action alleged title and right of possession in the plaintiffs. The answer denied such title and right, and alleged title in the defendant by adverse possession.

The sole issue between the parties is whether the defendant had acquired title to the premises by adverse possession prior to the commencement of this action. The issue has been tried four times. The first trial resulted in a verdict for the plaintiffs. The second trial was had upon defendant paying the costs, as provided by the statute, and resulted in a disagreement of the jury. Upon the third trial there was a verdict for the defendant, which was set aside by the trial judge, and a new trial granted. The fourth trial resulted in a verdict in favor of the plaintiffs for the recovery of the possession of the premises described in the complaint, except "112 feet running from First alley southerly towards Superior street." This verdict is in legal effect one for the defendant, for it leaves him in the possession of the whole of the premises, except the southerly twenty-eight feet in width thereof, as to which the defendant on the trial waived any claim. The whole tract is thirty-three feet by one hundred forty feet, the southerly end of which fronts on Superior street and the rear end on First alley.

The plaintiffs made a motion for judgment in their favor notwithstanding the verdict, for the possession of all of the land therein described, or, in case this was denied, for a new trial, for the reason that the verdict was not justified by the evidence, and was contrary to law, and for errors of law occurring at the trial. The trial judge made his order denying the motion for judgment, and granting a new trial. Thereupon the plaintiffs appealed from the whole order, and the defendant from the order granting a new trial.

Upon a full consideration of the record, we have reached the con-

clusion that the order must be affirmed on both appeals, and as there is to be another trial we refrain from discussing the evidence, except so far as seems necessary to indicate the basis of our conclusion.

. The parties substantially agree that after the avenue, which was sixty-six feet wide, was vacated, in 1888, the defendant moved his house onto the avenue and located it ten feet and ten inches from the alley, and a part thereof, 3.35 feet by 10.7 feet, on the east half of the avenue, or, in other words, approximately four-fifths of the house was on the west half and one-fifth on the east half of the avenue. The defendant has lived in his house ever since he moved it upon the avenue, and testified in effect that he took possession of the premises in question with the intention of claiming them as his own, and has ever since claimed and held them adversely to all persons. There was evidence on the part of the plaintiffs tending to show that he entered upon the premises by permission of one of the then owners thereof. The defendant made no claim that he ever paid anything for the premises, or had any title or right thereto, except such as he claims to have acquired by his alleged adverse possession. We are of the opinion that the evidence, as to his adverse possession of the portion of the premises occupied by the east one-fifth of his house and the land lying between it and the alley, was such that the plaintiffs were not in any event entitled to judgment notwithstanding the verdict for this part of the premises in dispute. It follows that for this reason, if for no other, the motion for judgment for the whole premises was properly denied.

It is true that the plaintiffs, after their request for an instructed verdict for the whole of the premises was denied, requested a directed verdict for the whole premises except the part thereof occupied by the defendant's house and the part between it and the alley; but such was not their motion for judgment. We do not discuss nor decide the question whether, if the motion for judgment had been based on the first requested instruction, the trial court would have been justified in denying it under the rule of Cruikshank v. St. Paul F. & M. Ins. Co. 75 Minn. 266, 77 N. W. 958.

This brings us to a consideration of the defendant's appeal from

the order granting a new trial. The evidence as to the defendant's adverse possession of the premises, other than the land on which a part of his house stands and that between it and the alley, was of such a character that it is obvious that the trial court, upon denying the motion for judgment, ought to have done just what it did do, grant a new trial to prevent a miscarriage of justice. The motion for a new trial, however, was based on the ground that the verdict was not justified by the evidence, and on two other distinct grounds. The order granting the motion did not state any reason therefor, and the contention of defendant, that the order cannot be treated as a discretionary one, must be conceded. We are, however, of the opinion that the refusal of the trial court to give an instruction requested by the plaintiffs as to evidence of nonpayment of taxes by the defendant was reversible error.

The request was this: "Payment of taxes and assessments for local improvements tends to prove claim of ownership and title to land. Likewise, total failure to pay any taxes or assessments for local improvements tends strongly to prove lack of claim of title and ownership of land by the person in possession." The trial court modified the request by striking out the word "strongly," and only gave the request as modified. The failure of a person claiming title to land by adverse possession to pay taxes thereon during the time of his possession, where the land is taxed separately from other lands, is strong and forcible evidence, though not conclusive, that his possession was not under claim of title, nor with intent to claim adversely to the true owner. Todd v. Weed, 84 Minn. 4, 86 N. W. 756; Mattson v. Warner, 115 Minn. 520, 132 N. W. 1127.

Inasmuch as the defendant made no claim to the land, except by adverse possession, and in view of the character of the evidence in support of the claim, the plaintiffs were entitled to have their request given, unless it was fully covered by the general charge, but not necessarily in the same words. The general charge, as to the effect of non-payment of taxes, so far as here material, was, exclusive of plaintiffs' request as modified, this:

"It is in evidence that from 1888 to 1904, some sixteen years, taxes

were levied and assessments were made against the property in controversy, aggregating something like $2,500, which were paid by the plaintiffs, or those from whom they get title. The defendant did not pay any of them. He knew that property was assessed for taxes, that such was the custom, and that the street improvements had to be paid for. The fact that he paid none of them is proper to be considered by you as making somewhat against his claim that his occupancy was with an adverse intent, an intent to have and hold the property as his own. The argument is that men who own property usually give some regard to the taxes against it, so that it will not be lost on tax sales; and if the defendant really claimed the land he would have given some attention to accruing taxes and assessments for city improvements, as owners usually do. In connection with the fact that the defendant paid no taxes and no assessments, you will consider his explanation of it. It does not necessarily follow that his possession was not adverse because he did not pay them. He might let them go to sale, or neglect them entirely, without necessarily being held not to have claimed adversely."

It is apparent that this instruction was not the equivalent of the requested instruction, to the effect that failure to pay taxes and assessments strongly tended to prove lack of claim of title. On the contrary, the instruction as given might well have been understood by the jury as minimizing the potency of the evidence as to non-payment of taxes; for they were told that it was proper for them to consider such fact as making somewhat against defendant's claim.

The defendant claims in this connection that there was no proper exception to the refusal of the court to give the requested instruction, which was one of several others which were also refused. At the close of the charge counsel for plaintiffs excepted "to those requests of ours that are not given." There was no other exception to the refusal to give the instruction. The rule that exceptions to a charge of the court must be specific, and made before the jury retires, was intended to direct the attention of the court to the particular alleged error in the charge, so that it might be corrected if the judge was of the opinion that he had inadvertently erred. In the application of

this rule it was uniformly held that a general exception to the refusal of the court to give several requested instructions was insufficient, because not sufficiently specific. The reason of the rule ceased upon the enactment of Laws 1901, p. 121, c. 113, and where exceptions taken on the trial are relied on as the basis of assignments of error they ought to be construed with greater liberality than they were before the reason for the rule ceased. The objection to the exception in this case is purely technical, for the record shows that the action of the trial court in modifying the requested instruction was deliberately and understandingly taken. We accordingly hold that the correctness of the ruling in refusing the requested instruction may be reviewed on this appeal.

Order affirmed on both appeals.