## EDGAR STEVENS v. G. T. VELDE.[1]

### July 20, 1917.

### Nos. 20,414—(221).

**Adverse possession — mistake as to boundary.**

In an action of ejectment a verdict was directed in favor of the defendant claiming title by adverse possession of a strip adjoining his farm occupied by him under a mistake as to the true boundary line. Title may be acquired by adverse possession though the occupancy is under a mistake as to boundary. The usual elements of adverse possession must exist and the evidence in proof of it must be clear and con-

[1] Reported in 163 N. W. 796.

vincing. Upon an examination of the evidence it is *held* that the question of adverse possession was one of fact and the direction of the verdict was error.

Action in ejectment in the district court for Yellow Medicine county. The answer alleged adverse possession since 1889. The case was tried before Daly, J., who denied plaintiff's motion for a directed verdict and granted a similar motion by defendant. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Reversed.

*Bert O. Loe,* for appellant.

*Paul D. Stratton,* for respondent.

DIBELL, C.

Action of ejectment. The court directed a verdict for the defendant. The plaintiff appeals from the order denying his alternative motion for judgment or a new trial.

The plaintiff is the record owner of the northeast quarter of a certain section in Yellow Medicine county. The defendant is the owner of the southeast quarter. In determining his northerly line the defendant started at the east quarter corner and went westerly to what he supposed was the center of the section but reached a point some 5 or 6 rods north of it. The result was that he occupied a wedge-shaped piece of land on the south of the plaintiff's quarter running to a point at the southeast corner of it. This is the land in dispute and the defendant claims it by adverse possession. In 1892 this land was under plow, except perhaps a swale which passed somewhat westerly of the northeast corner, and most of it had been broken 2 or 3 years before, and it has been in use since. The defendant had at the time a contract of purchase. In 1894 he sold but bought back in 1897. In the interim he occupied as tenant.

There is evidence that in 1906, though the date is in dispute and is claimed by the defendant to be some years later, the plaintiff plowed to the true south line of his quarter and to that extent interfered with the defendant's possession. The following year the defendant seeded the land which the plaintiff had plowed and has used it since. The evidence is indefinite. The question of the effect of the plowing is not much discussed in the briefs. Upon another trial it may or may not be important.

See 1 Cyc. 1009, et seq.; 2 C. J. § 113, et seq.; 1 Am. & Eng. Enc. (2d ed.) 835, 1 R. C. L. 723; 1 Cent. Dig. Adverse Possession, §§ 234, 235; 1 Dec. Dig. Id. § 47.

It is clear that the defendant went into possession by mistake. He thought he was on his own quarter and was not intending to claim land other than that which his contract included. To constitute possession adverse so that it ripens into title it must be actual, open, exclusive, continuous for the statutory period, and with a hostile and adverse intent, that is, with the intention of claiming and appropriating it. These elements must coexist. 1 Dunnell, Minn. Dig. §§ 113, 114. The evidence must be clear and convincing. 1 Dunnell, Minn. Dig. § 127. It is not necessary that the adverse possessor believe that he is the owner in fact. It is enough if he intends to disseize the true owner and appropriate the land. Carpenter v. Coles, 75 Minn. 9, 77 N. W. 424; Cool v. Kelly, 78 Minn. 102, 80 N. W. 861; Mattson v. Warner, 115 Minn. 520, 132 N. W. 1127; Rupley v. Fraser, 132 Minn. 311, 156 N. W. 350; Cain v. Highland Co. 134 Minn. 430, 159 N. W. 830. There must be an adverse intent. The occupant may acquire title by adverse possession though he enters and occupies under a mistake as to the boundary line, supposing he is on his own land. 1 Dunnell, Minn. Dig. § 114b, and cases. The usual elements of adverse possession must exist. Adverse intent must be present as in other cases.

Usually the question whether the elements essential to adverse possession exist is one of fact. Rarely can a verdict be directed for the adverse claimant. There may be a case where the occupant of land beyond his own under a mistake as to boundary is conclusively shown to have acquired title by his possession. The facts before us do not make such a case. A finding of adverse possession would be easily sustained. The question was not one of law and the verdict should not have been directed.

Order reversed.