## DOUGLAS WORTMAN v. ALBERTINA SIEDOW AND OTHERS.[1]

December 16, 1927.

No. 26,252.

**When failure to pay taxes does not prevent obtaining title by adverse possession.**

[1]    A failure to pay taxes on a portion of a lot, assessed as one tract, does not prevent a person asserting title by adverse possession to such portion actually occupied by him.  G. S. 1923, § 9187, is not applicable to such a case.

**Finding on immaterial matters will not overthrow the judgment.**

[2]    The court's finding upon matters not decisive of the controversy will not overthrow the judgment.  The evidence does not show inconsistency in the material findings.

**Finding of adverse possession to part of lot sustained by evidence.**

[3]    The finding that defendant Mrs. Siedow had been in open, hostile and adverse possession for more than 15 years of all of a certain lot, the record title of which was in plaintiff, east of a certain line fixed as 15 feet east of the nearest point of plaintiff's house, is supported by the evidence.

Adverse Possession, 2 C. J. p. 128 n. 80; p. 141 n. 68; p. 204 n. 14; p. 276 n. 59.
Appeal and Error, 4 C. J. p. 750 n. 96; p. 1057 n. 85.

[1]Reported in 216 N. W. 782.

Plaintiff appealed from an order of the district court for Dakota county, Schultz, J. denying his motion for a new trial and from the judgment entered upon the findings.   Affirmed.

*Converse & Converse,* for appellant.

*R. F. Schroeder,* for respondents.

HOLT, J.

The appeal is from the order denying a new trial and from the judgment entered upon the findings of the court.

Plaintiff brought the action to determine the adverse claims of defendant to three platted lots also describing them by metes and bounds.   Defendants disclaimed, except Albertina Siedow, who by her answer claimed ownership and possession of certain land by metes and bounds.   It appears that for 13 years prior to suit the record title to lots 23, 24 and 25, block 1, of Edward Berreau's Addition to West St. Paul has been in plaintiff who paid all taxes levied thereon; and that for over 20 years the record title to lots 26 to 33, inclusive, in the same block, has been in defendant Mrs. Siedow.   All the lots front a street on the north and are numbered from west to east.   The land claimed by Mrs. Siedow in her answer and awarded her by the judgment includes the easterly 30 feet of lot 25.   This strip is the only land in dispute.

[1]   During the first part of the trial the court was of the opinion that G. S. 1923, § 9187, stood in the way of Mrs. Siedow's claiming title by adverse possession to any part of lot 25 (she not having paid the taxes thereon during the five years next preceding the suit) but later concluded this was wrong, and thereupon the issue of adverse possession was tried out and determined in favor of Mrs. Siedow.   Error is assigned upon this changed position of the court.   The question has been determined adversely to appellant by this court.   Kelley v. Green, 142 Minn. 82, 170 N. W. 922; Fredericksen v. Henke, 167 Minn. 356, 209 N. W. 257, 46 A. L. R. 785.

[2]   The findings and judgment established the west boundary line of Mrs. Siedow's land (the east boundary line of plaintiff's) 15 feet east of the nearest point of plaintiff's frame house located

on lot 24, which line is stated to coincide with a line drawn 773.10 feet east of the west line of the southeast quarter of the northwest quarter of section 17, township 28, of range 22, which west line is located six feet east of the center line of Robert street. The court directed one Reifler to make a survey and plat of the premises of the parties which is made a part of the findings; but this is neither incorporated nor referred to in the judgment. Although no exception was taken to the inclusion of this plat in the findings in the motion for a new trial, objection is now raised thereto. It is not perceived how this plat, not referred to in the judgment, can harm appellant. However, the practice here pursued is not commended. Before a particular plat or survey is made a part of a judgment binding the parties, they should either agree as to its accuracy or have the opportunity to have it tested in court. As the record here appears, the Reifler survey is no part of the judgment.

[3] An assignment of error challenges as unsupported the finding that the west line of the above mentioned quarter quarter section is located six feet east of the center line of Robert street. It seems to us immaterial whether this is the true west line or not, so long as a line drawn parallel and 773.10 feet east thereof coincides with a parallel line drawn 15 feet east of the nearest point to plaintiff's house upon lot 24. There is not anything in the record to suggest that they do not coincide. The line drawn north and south 15 feet east of plaintiff's said house must in any event be taken as the true boundary between his land and that of Mrs. Siedow determined by the judgment appealed from, for the finding is that the latter had been in open, hostile, and adverse possession of all of said lot 25 east of said line for more than 15 years prior to the commencement of this action.

The finding just recited is decisive of the appeal, if supported by adequate evidence. Appellant contends it is not. This is based mainly on testimony elicited on cross-examination of Mrs. Siedow that she used and occupied what she believed was up to the line of her lots. Hence it is claimed the intention to claim adversely to the record owner of lot 25 is lacking. And we are cited to Todd v.

Weed, 84 Minn. 4, 86 N. W. 756; Mattson v. Warner, 115 Minn. 520, 132 N. W. 1127; Mitchell v. Green, 125 Minn. 24, 145 N. W. 404; Stevens v. Velde, 138 Minn. 59, 163 N. W. 796. To these we add Fredericksen v. Henke, 167 Minn. 356, 209 N. W. 257, 46 A. L. R. 785. They each emphasize the importance of the intention of the adverse claimant to claim the land occupied to the exclusion of all others. Intention may be gathered both from words and conduct respecting the property. Open, hostile, and exclusive possession maintained beyond the true boundary under the mistaken belief that such possession extended only to the boundary does not exclude an intent to appropriate all so occupied by the claimant. In Cool v. Kelly, 78 Minn. 102, 80 N. W. 861, the court said [at p. 104]:

"An adverse intent to oust the owner and possess for himself may be generally evidenced by the character of the possession and the acts of ownership of the occupant. His good or bad faith in the premises is not material."

In Stevens v. Velde, 138 Minn. 59, 163 N. W. 796, it is stated:

"The occupant may acquire title by adverse possession though he enters and occupies under a mistake as to the boundary line, supposing he is on his own land." It was also there said that "whether the elements essential to adverse possession exist is one of fact."

Intent to claim adversely is one of the elements. That Mrs. Siedow's occupation of the land she cultivated was hostile to the claims of plaintiff is not left in doubt. Arrests and lawsuits between the two grew out of the occupation. The evidence shows without serious dispute that continuously for over 20 years Mrs. Siedow plowed and cultivated up to within a short distance of plaintiff's house. Both plaintiff and his wife estimate this distance as from 15 to 20 feet. Mrs. Siedow's witnesses placed it as near as 12 feet. Under that situation the finding of adverse possession up to 15 feet cannot well be criticized. The claim that the court awarded more than the answer asserted may be dismissed by the statement that during the trial no objection whatever was raised to Mrs. Siedow's proving the full extent of her actual adverse occupancy of lot 25. The

pleading may therefore be regarded as amended to accord with the proof. The finding fixing the west boundary of Mrs. Siedow's adverse possession at the line above indicated is so fortified by the evidence that it cannot be disturbed by this court.

The other assignments of error have been considered but merit no discussion.

The order and judgment stand affirmed.